FILL *v.* ARROW WRECKING, INC.

1. APPEAL AND ERROR—CONTRACTS—NONASSIGNMENT CLAUSE—RE-
STRAINT ON ALIENATION.

Claim, that nonassignment clause in contract was invalid because
it constituted a restraint on alienation and was overly broad,
was not properly before the Court of Appeals and will not
be considered where it was not raised at the trial court.

2. CONTRACTS — ASSIGNMENTS — NONASSIGNMENT CLAUSE — FIND-
ING OF FACT.

Finding of fact by the trial court that a nonassignment clause
in a contract to remove a hangar from an airport had not
been waived by the contracting party, a board of road com-
missioners, was not "clearly erroneous" where an agent of the
board told the assignee he had no right to disassemble the
hangar, the board asserted its rights in a subsequent letter to
the assignee, and the board then declared the assignment
invalid.

3. CONTRACT—NONASSIGNMENT CLAUSE—CONDITIONS PRECEDENT.

Agreement providing that nonassignment clause of contract
would be waived if conditions precedent were met did not
relieve defendant of any further obligation under the original
contract where defendant assigned the contract but the con-
ditions precedent were not met.

4. CONTRACTS—BREACH.

Major breach of unconditional contract to sell airplane hangar
occurred where seller was unable to procure the transfer of
the hangar to buyer free from severe limitations and such

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 6 Am Jur 2d, Assignments §§ 22, 68.
[3] 6 Am Jur 2d, Assignments §§ 11, 67, 68.
[4] 17 Am Jur 2d, Contracts §§ 294, 297, 365, 425–430, 441–447.
[5] 17 Am Jur 2d, Contracts §§ 365, 441, 443–447.

limitations denied buyer the substantial benefit which he could
have reasonably anticipated.

5. CONTRACTS—BREACH—REPUDIATION—DAMAGES.
    Buyer was entitled to repudiate contract and recover damages
    where seller's breach went to the essence of the contract.

Appeal from Wayne, Blair Moody, Jr., J. Sub-
mitted Division 1 May 8, 1970, at Detroit. (Docket
No. 6,223.) Decided September 28, 1970.

Complaint by Albert I. Fill against Arrow Wreck-
ing, Inc., Norman Levy Associates, Inc., and Board
of Wayne County Road Commissioners for breach
of contract. Judgment for plaintiff. Defendants
appeal. Affirmed.

*Weideman & Knauer,* for plaintiff.

*Hyman, Gurwin, Nachman & Friedman,* for
defendants.

Before: V. J. BRENNAN, P. J., and McGREGOR and
AGER,* JJ.

V. J. BRENNAN, P. J. This is an appeal from a
judgment of circuit court for the County of Wayne
awarding plaintiff damages in the amount of $16,000
for breach of contract.

The pertinent facts of the case are briefly set
forth as follows: The defendant, Arrow Wrecking
(hereafter referred to as Arrow), contracted with
the Wayne County Board of County Road Com-
missioners (hereafter referred to as board) to re-
move a hangar from the Detroit Metropolitan Air-
port. This contract contained a nonassignability
clause. Nonetheless, defendant auctioned its rights

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

in the hangar to plaintiff, Albert I. Fill.  Plaintiff, while in the process of dismantling the fixtures in the hangar so that the hangar could be removed to a different location, was informed by an agent of the board that he had no right to the property.  Subsequent to this, substantial negotiation occurred among plaintiff, defendant, and the board.  The end result was an assignment which was signed by all three parties on December 26, 1963.  This assignment provided that the board would allow the defendant to assign its interest to the plaintiff's successor, Air Services, Inc., but before such an assignment became valid, certain conditions precedent had to occur.  Two of these conditions precedent were not met and this suit followed.

The two controverted conditions were the granting by the board of its permission for Air Services, as assignee, to subcontract the task of removing the hangar from its initial site to a new site and the granting by the board of a lease to Air Services, Inc., for the use and occupancy of that new site. Permission from the board to allow plaintiff assignee to subcontract the moving of the hangar never was received because a lease from the board of a new site was never consummated.  During the negotiation concerning the details of the lease it appeared that plaintiff desired to rent the hangar to both commercial and private airplanes.  On the other hand, the board wished to exclude commercial airlines. Mutually acceptable terms could not be obtained. As a result the board relied upon its original contract with defendant and required defendant to dismantle the hangar.

The trial judge, sitting without a jury, found that the defendant had assumed the risk of the conditions precedent in the December 26, 1963 assignment not being met.  It was further found that the board

had not waived its rights under the nonassignability clause of the original contract between itself and defendant. Therefore, the trial court concluded that the defendant had breached its contract of sale and entered judgment for the plaintiff.

Defendant raises three assignments of error, none of which require reversal.

Defendant contends that the nonassignment clause in the agreement between the board and itself was invalid because it was a restriction on alienability and was overly broad. As a result, the defendant claims that no permission to sell was necessary and that no breach of contract occurred in that the sale to plaintiff was complete without the board's permission. Since these arguments were not raised at the trial court, they are not properly before this court and will not be considered. *Faith United Church of Christ* v. *Westfield Topsoil & Sand Co.* (1969), 20 Mich App 588.

As an alternative attack on the assignment clause, defendant contends that the trial court erred in finding that the board had not waived this provision. With respect to this issue the court had before it the following facts: an agent of the board told plaintiff that he had no right to disassemble the hangar; the board asserted its rights in a letter dated November 12, 1963, and addressed to plaintiff; the board ultimately declared the assignment to plaintiff invalid and ordered Arrow to remove the hangar. Under these circumstances we cannot say that the judge's finding was "clearly erroneous." In such cases it is our duty to affirm. *King* v. *Partridge* (1968), 9 Mich App 540.

Finally, defendant says that the trial court committed error in concluding that the assignment executed by the plaintiff, the defendant, and the board did not relieve the defendant of any further obliga-

tion under the contract. Also, defendant claims that if it was not relieved of its burden, the plaintiff himself caused the assignment to fail by not accepting the type of lease urged by the board. We do not agree.

It is undisputed that Arrow made an unconditional contract to sell hangar 504 to plaintiff at the auction sale. Unbeknown to plaintiff, Arrow had neither title to the hangar nor the right to assign its interest therein without the consent of the board. The tripartite assignment was an attempt by Arrow to get the necessary consent to give plaintiff rights in the hangar. This assignment was expressly subject to five conditions—conditions not expressed or contemplated at the time of the sale. Plaintiff refused to accept the restrictive conditions insisted upon by the board as a prerequisite to allowing Arrow to assign its rights to him. In turn, the board refused to give its consent to the assignment and Arrow was required to destroy the hangar. The inability of Arrow to procure the transfer of the hangar to plaintiff free from such severe limitations was a major breach of contract because it denied to plaintiff "the substantial benefit which he could have reasonably anticipated." 1 Restatement Contracts, § 275, p 402; *Walker & Company* v. *Harrison* (1957), 347 Mich 630.

At the time of the auction sale, no notice was given to any of the bidders that this was not a sale by the owner or that approval was required before any sale was final. It was only after plaintiff paid the full purchase price that he learned he would have no interest in the hangar unless he promised to lease it to noncommercial aircraft. In making his bid, plaintiff reasonably expected to have full ownership and unrestricted use of the hangar. He did not bargain for a hangar with strings attached. On

the contrary, the evidence adduced at trial showed that the plaintiff contemplated the unrestricted use of the hangar in that he had long since begun negotiations in regard to subleasing to both commercial and noncommercial aircraft. Since this breach goes to the essence of the contract, plaintiff was entitled to repudiate it and recover damages. *Walker & Company* v. *Harrison, supra,* 635.

As none of the trial court's findings are clearly erroneous, the judgment of the circuit court is affirmed.

Affirmed.

All concurred.