JONES *v.* BOURRIE.

1. INTOXICATING LIQUORS—CIVIL DAMAGE ACT—LIMITATION OF AC-
   TIONS.

   A guest passenger's action against liquor seller for injuries sus-
   tained when car was involved in accident after defendant is al-
   leged to have served liquor to driver while he was intoxicated
   is a civil action created by the liquor control act containing a
   2-year statute of limitations (CL 1948, § 436.22, as amended by
   PA 1958, No 152; § 436.29).

2. ACTION—VIOLATION OF PENAL STATUTE PROVIDING ITS OWN CIVIL
   ACTION.

   A penal statute which also provides a civil cause of action for its
   violation may not form the basis for a common-law action for
   the alleged violation of such statute.

Appeal from Genesee; Parker (Donn D.), J. Sub-
mitted January 9, 1963. (Calendar No. 16, Docket
No. 49,920.) Decided March 7, 1963.

Case by Kenneth Y. Jones against Alta E. Bourrie,
doing business as Yellow Jacket Bar, for personal
injuries suffered by reason of acts of intoxicated
person. Cause dismissed on motion. Plaintiff ap-
peals. Affirmed.

*Beagle, Benton & Hicks* (*C. Robert Beltz,* of coun-
sel), for plaintiff.

*Patterson & Patterson and Barrett* (*Gerald G.
White,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Intoxicating Liquor §§ 521, 522.
[2] 1 Am Jur 2d, Actions § 57.

KELLY, J. Plaintiff filed his declaration on March 21, 1962, alleging violation of the statute in serving liquor (on January 2 and 3, 1960) to one David Lee Wicker when said Wicker was in an intoxicated condition. Plaintiff was a guest passenger in the Wicker automobile and on the morning of January 3, 1960, after leaving defendant's establishment, Wicker's automobile was involved in an accident. Plaintiff suffered serious injuries and brought this action against defendant under CL 1948, § 436.29 (Stat Ann 1957 Rev § 18.1000), "as well as the common law."

CL 1948, § 436.29 provides:

"No vendor shall give away any alcoholic liquor of any kind or description at any time in connection with his business except manufacturers for consumption on the premises only. No vendor shall sell any alcoholic liquor to any person in an intoxicated condition."

Defendant moved to dismiss, claiming "that our legislature created the only civil cause of action for illegal sale of intoxicants" by PA 1933 (Ex Sess), No 8, § 22, as amended (CL 1948, § 436.22, as amended by PA 1958, No 152 [Stat Ann 1959 Cum Supp § 18.993]):

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action,"

and, also, because the declaration was filed over 2 years after the claimed illegal sale plaintiff was barred by the provisions of the above statute which further provides: "Any action shall be instituted within 2 years after the happening of the event."

The court granted defendant's motion to dismiss, and plaintiff appeals claiming the court erred in answering in the negative the following question:

"Does the conduct proscribed by CL 1948, § 436.29 (Stat Ann 1957 Rev § 18.1000 coupled with the language of CL 1948, § 436.44 (Stat Ann 1957 Rev § 18.1015, which provides both a criminal and civil remedy for the selling of alcoholic liquor in violation of the Michigan liquor control act, give rise to a separate statutory duty and action apart from CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993)?"

CL 1948, § 436.44 (Stat Ann 1957 Rev § 18.1015) provides:

"Any person engaged in the business of selling or keeping for sale alcoholic liquor in violation of the provisions of this act, whether as owner, clerk, agent, servant or employee, shall be equally liable, as principal, both civilly and criminally, for the violation of the provisions of this act, or any person or principal shall be liable, both civilly and criminally, for the acts of his clerk, servant, agent or employee, for the violation of the provisions of this act."

Plaintiff contends that because his declaration states a cause of action at common law predicated upon statutory duty, the 3-year statute of limitations for common-law negligence applies; that "In this State it has been held that the violation of a statute is considered negligence *per se*" (citing *Hardaway* v. *Consolidated Paper Co.,* 366 Mich 190); that "Since CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993) is in derogation of the common law, it must be viewed restrictively. Since this is the case and no express language exists which attempts to pre-empt the field, the intent and purpose evident in CL 1948, § 436.29 (Stat Ann 1957

Rev § 18.1000) and CL 1948, § 436.44 (Stat Ann 1957 Rev § 18.1015) should be effectuated."

Plaintiff emphasizes his theory of recovery at common law on *Waynick* v. *Chicago's Last Department Store* (1959 CCA 7), 269 F2d 322 (77 ALR2d 1260), certiorari denied 362 US 903 (80 S Ct 611, 4 L ed 2d 554). The 7th circuit court of appeals found in *Waynick* that the Michigan liquor control act is probably (pp 324, 325) "not applicable where a sale of intoxicating liquor in Illinois produces injuries in Michigan," and that "where an injury occurred in Michigan as a result of defendants' acts in Illinois" a cause of action existed (syllabus 9) "under Michigan law in tort for the damages and injuries sustained by plaintiffs as a proximate result of the unlawful acts of the defendants in making the alleged sales of intoxicating liquor." It is clear from the majority opinion in *Waynick* that such conclusion was reached on the nonapplicability of the dram acts of this State and of the State of Illinois.

*Waynick* merely held that where there is no liquor control act creating a civil cause of action but there is a penal provision concerning an illegal sale, then a common-law cause of action would arise. This would not apply to the present case, as the act creates a civil cause of action.

The facts in plaintiff's declaration are such as to come within the intent of the civil cause of action. CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993).

Plaintiff herein, for unknown reasons, permitted the statutory period to run. He cannot now assert an action to exist at common law. Plaintiff's remedy was under the statute (CL 1948, § 436.22, as amended) and he failed to timely exercise it. To allow now an action, based on a common-law remedy, would be to permit circumvention of the statute and

to assert a nonexistent remedy beyond that provided by the legislature.

Plaintiff's theory of a civil cause of action arising because of an alleged violation of a penal statute is not well-founded.

The order of the lower court granting defendant's motion to dismiss is affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.