### KING v. PARTRIDGE.

1. INTOXICATING LIQUORS—CIVIL DAMAGE ACT.

Civil damage act is not intended to apply to a wrongful taking of intoxicants but to unlawful selling, giving or furnishing (CLS 1961, § 436.22).

2. SAME—CIVIL DAMAGE ACT—EMPLOYEE—PRESUMPTIONS.

An employee should be presumed to have followed orders of her employer, and her taking and consuming intoxicating liquors while working for her employer bar owner should be regarded as a taking with the knowledge and consent of the owner in an action against the owner under civil damage act in the absence of proof that the taking was contrary to her orders (CLS 1961, § 436.22).

3. MASTER AND SERVANT—ABUSE OF DISCRETION.

An employer who leaves to his subordinates a discretion which they abuse is responsible as if he had approved their action.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Intoxicating Liquors §§ 520, 526.
Liability of persons furnishing intoxicating liquor for injury or death of consumer, outside coverage of civil damage acts. 54 ALR2d 1152.
Liability of innkeeper, restaurateur, or tavernkeeper for injury occurring on or about premises to guest or patron by person other than proprietor or his servant. 70 ALR2d 628.

[3] 35 Am Jur, Master and Servant §§ 558, 559.
Employment of incompetent, inexperienced, or negligent employee as independent ground of negligence toward one other than an employee. 8 ALR 574.

[4] 5 Am Jur 2d, Appeal and Error §§ 839–845.
[5] 30 Am Jur, Intoxicating Liquors § 537.
[6] 30 Am Jur, Intoxicating Liquors §§ 526, 542.
[7] 58 Am Jur, Witnesses § 7.

4. APPEAL AND ERROR—EVIDENCE—TRIAL COURT FACT FINDING.

Findings of fact by the trial court will not be set aside unless clearly erroneous or completely unsupported by the evidence.

5. INTOXICATING LIQUORS—FINDING OF TRIAL COURT—EVIDENCE—PROXIMATE CAUSE.

Evidence presented in action against retail liquor licensee for damages sustained by plaintiffs *held*, to sustain trial judge's finding that defendant's barmaid had served herself intoxicating beverages and continued to do so after becoming intoxicated, that defendant furnished the intoxicants to the barmaid, and that the intoxication caused plaintiffs' injuries (CLS 1961, § 436.22).

6. SAME—DAMAGES—PROXIMATE CAUSE—EVIDENCE.

The liability of a retail liquor licensee for damage caused by an intoxicated person to whom intoxicating liquor has been furnished and which caused the intoxication is fixed by the civil damage act and renders it unnecessary to require proof that the intoxication was the proximate cause of the injury (CLS 1961, § 436.22).

7. TRIAL—WITNESSES—PRETRIAL ORDER.

Court commits no abuse of discretion in refusing testimony of witness not listed, where both parties have agreed to a pretrial order requiring each party to supply the other with the names of all witnesses to be introduced, and where there has been no showing to support a disregard of the order or request to amend the order.

Appeal from Genesee; Newblatt (Stewart A.), J. Submitted Division 2 November 7, 1967, at Lansing. (Docket No. 2,475.) Decided March 19, 1968. Leave to appeal denied July 24, 1968. See 381 Mich 765.

Plaintiffs, Marcus King, guardian of the estate of Rhonda King, and Marcus King and Claudine King, brought action under the civil damage act against Pauline Partridge, formerly Pauline Lockard, and Virginia Payne, owner of Payne's Bar. Judgment for plaintiffs. Defendant Payne appeals. Affirmed.

*Robert A. Collins* (*Donn D. Parker,* of counsel), for plaintiffs.

*Caplan & Barsky* (*Edward M. Miller,* of counsel), for defendant Payne.

T. G. KAVANAGH, P. J. This is an appeal from a finding of the trial court that the defendant retail liquor licensee, Virginia Payne, was liable under the Michigan civil damage act, CLS 1961, § 436.22 (Stat Ann 1968 Cum Supp § 18.993), for the intoxication of and injuries caused by her barmaid, Pauline Partridge.

On February 3, 1962, Marcus King, his wife Claudine and daughter Rhonda were injured when the car in which they were riding was struck head on by a car driven by Pauline Partridge, a barmaid at Payne's Bar. Action was started by the Kings against Pauline Partridge and Virginia Payne, owner of Payne's Bar. Judgment was entered for plaintiffs.

Defendant Partridge did not defend the suit and this appeal is prosecuted by defendant Payne only. She asserts that the trial court erred in holding that the Michigan civil damage act, CLS 1961, § 436.22 (Stat Ann 1968 Cum Supp § 18.993), permitted recovery against a bar owner for damages caused by an intoxicated employee of the bar owner who had served herself intoxicating beverages while working at the bar.

The appellant contends that, absent proof that the employee served herself the owner's liquor with permission, such service must be held to be a wrongful taking which could not render the bar owner liable under the civil damage act.

The pertinent part of the act reads:
CLS 1961, § 436.22 (Stat Ann 1968 Cum Supp § 18.993):

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury."

Thus the act is concerned with the "unlawful selling, giving or furnishing." We agree with appellant that it is not intended to apply to a wrongful taking of intoxicants. We cannot, however, agree that under the circumstances of this case the taking by the employee must be held to be wrongful. Rather than presume the employee violated orders, we feel she should be presumed to have followed them; hence her taking, in the absence of proof to the contrary, should be regarded as a taking with the knowledge and consent of the owner. This, then, would be a furnishing or giving and, if the employee be intoxicated, unlawful under the act. The trial court's holding was completely in accord with the responsibilities attaching to a master-servant relationship where an "employer, who leaves to his subordinates a discretion which they abuse, is responsible as if he had approved their action." *Smith* v. *Webster* (1871), 23 Mich 297, 299.

Appellants next contend that the trial court erred in its findings, asserting on appeal that plaintiffs offered no proof to support their case and showed no causal connection between the barmaid's alleged intoxication and the injuries suffered.

At the trial, plaintiff presented witnesses who testified as to Mrs. Partridge's activities throughout the day while preforming her duties apparently as

the only employee at defendant's bar. Neither defendant testified, relying on the cross-examination of plaintiff's witnesses to show that insufficient evidence existed to support the action.

The trial judge found that Pauline Partridge, while employed at Payne's Bar, served herself intoxicating beverages, continuing to do so after she became intoxicated, that Virginia Payne furnished the intoxicants to the barmaid, and that the intoxication was the cause of plaintiff's injuries.

A review of the record reveals that evidence did exist to support such a finding. Findings of fact by the trial court will not be set aside unless clearly erroneous or completely unsupported by the evidence. *Hughson* v. *O'Reilly* (1967), 7 Mich App 324. Such is not the case here.

Having found that the barmaid was intoxicated, the court need not require proof that the intoxication was the proximate cause of the injury. The "act itself by a person intoxicated fixes the liability for the damage upon the person selling or furnishing the liquor which caused the intoxication." *Brockway* v. *Patterson* (1888), 72 Mich 122, 128.*

Defendant's final assertion of error concerns the refusal of the court to hear the testimony of a witness who allegedly was discovered the evening before he was called to testify. The refusal was based on a stipulation between counsel and pretrial order requiring each party to supply the other with the names of all witnesses to be introduced. The name of this witness was not on defendant's list and no satisfactory explanation was presented to the trial judge to justify the absence of prior discovery and notice of this witness. There was no showing of the importance of the testimony sought to be entered.

---

* 15 Callaghan, Michigan Civil Jurisprudence, Intoxicating Liquors, § 229, p 208.

Where both parties have agreed to such a pretrial order and no request to amend the order was made, the court commits no abuse of discretion in refusing witness' testimony where there has been no showing to support a disregard of the order. *Globe Cereal Mills* v. *Scrivener* (CA 10, 1956), 240 F2d 330. Accordingly, the witness was properly excluded.

Affirmed. Costs to appellee.

FITZGERALD and McGREGOR, JJ., concurred.