BAKER *v.* GOLEMATIS

NEGLIGENCE—ASSAULT AND BATTERY—DRAMSHOP ACT—EXCLUSIVE REMEDY—CONSOLIDATION OF CLAIMS.

> The remedy provided by the dramshop act is not necessarily exclusive; a complaint with a count in common-law negligence brought as companion count to a claim under the dramshop act is proper in an action arising out of an assault and battery by defendant's bartender on a customer in defendant's bar when both were intoxicated (CLS 1961, § 436-.22; GCR 1963, 203).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 May 8, 1969, at Detroit. (Docket Nos. 4,230, 4,231.) Decided May 27, 1969.

Complaints by Franklin D. Baker and Betty Jean Baker against Themistocles Golematis, administrator of the estate of Georgia Golematis, deceased, for damages resulting from injuries to Franklin D. Baker as a result of an assault by the bartender in a bar owned by Georgia Golematis. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Albert Lopatin (Frances R. Avadenka,* of counsel), for plaintiffs.

*Alexander, Buchanan & Conklin (Perry J. Seavitt,* of counsel), for defendant.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
45 Am Jur 2d, Intoxicating Liquors § 561.

Per Curiam. In 1962, the bartender fought with plaintiff Franklin Baker in a bar owned by defendant's decedent. Both plaintiff and the bartender were intoxicated. Plaintiff and his wife filed separate suits for damages, alleging liability under the dramshop act,* as well as for common-law negligence. Plaintiffs alleged that the bar owner breached her common-law duties owed to patrons by employing a bartender of known dangerous propensities. Plaintiffs' actions were consolidated for trial. Both plaintiffs' claims based on the dramshop act were vitiated, the husband's by an unopposed motion for a directed verdict, and the wife's by a jury verdict of no cause of action. However, the jury returned a verdict in favor of both plaintiffs on the common-law negligence counts. Defendant appeals the judgment incorporating the jury's verdict, after unsuccessfully requesting a new trial or a judgment notwithstanding the verdict.

Both cases turn on the issue of whether common-law negligence can be alleged in combination with claims under the dramshop act.

Defendant argues that the dramshop act provides an exclusive remedy, and thus a companion allegation of common-law negligence is improper. *Holland* v. *Eaton* (1964), 373 Mich 34; *Kangas* v. *Suchorski* (1964), 372 Mich 396. Therefore, defendant contends that the court erred in the husband's case by denying defendant's motion to dismiss the allegations of common-law negligence, and in the wife's case by denying defendant's motion to require the wife to elect her remedy asserted under the dramshop act.

The *Holland* decision and the language cited therefrom by defendant concerned the narrow question of whether suits under the dramshop act are

---

* CLS 1961, § 436.22 (Stat Ann 1969 Cum Supp § 18.993).

excluded from application of the savings provisions of the general statutes of limitations. Hence, *Holland's* language of exclusive remedy does not support or establish the principle that there is an exclusive remedy under the dramshop act in all barroom brawls. The *Kangas* decision also contains language apparently referring to a dramshop exclusive remedy principle, but the case cited therein also concerned a statute of limitations problem. Thus, neither case cited by defendant supports his position.

There is no rule that a claim for damages under the dramshop act cannot be brought with a companion action alleging liability for negligence arising out of the same facts. In fact, a bar owner is subject to much more liability for injury to his patrons than that encompassed by the dramshop act for sale of alcoholic beverages to intoxicated persons. *Gorby* v. *Yeomans* (1966), 4 Mich App 339. Moreover, the law favors the combination of related claims in one action and penalizes the failure to join all claims arising out of the same transaction or occurrence. GCR 1963, 203. The lower court did not err.

Affirmed. Costs to plaintiffs.