DE VILLEZ *v.* SCHIFANO

1. Intoxicating Liquors—Unlawful Sale—Dramshop Act—
   Remedy.

   An action based on an unlawful sale of intoxicants must be
   brought under the dramshop act, because the action is a
   creature of statute, not recognized in the common law (MCLA
   § 436.22).

2. Intoxicating Liquors—Tavern Owners—Reasonable Care—
   Safe Premises—Common Law.

   A customer has the right at the common law to recover for
   injuries resulting from the failure of a tavern owner to
   exercise reasonable care to provide safe premises for his
   customers.

3. Action—Joinder—Dramshop Act—Negligence.

   A claim for damages under the dramshop act may be brought
   with a companion action for negligence arising out of the
   same facts (MCLA § 436.22).

4. Intoxicating Liquors—Dramshop Act—Unlawful Sale—Rem-
   edy.

   The dramshop act affords the exclusive remedy for injuries
   arising out of an unlawful sale, giving away, or furnishing
   of intoxicants (MCLA § 436.22).

5. Intoxicating Liquors—Dramshop Act—Negligence—Common
   Law.

   The dramshop act does not control and does not abrogate actions
   arising out of unlawful or negligent conduct of a tavern
   owner other than selling, giving away, or furnishing of in-
   toxicants, provided the unlawful or negligent conduct is rec-
   ognized as a lawful basis for a cause of action at the common
   law.

---

References for Points in Headnotes

[1, 4, 5] 45 Am Jur 2d, Intoxicating Liquors § 561.
[2] 45 Am Jur 2d, Intoxicating Liquors § 453 *et seq.*
[3] 45 Am Jur 2d, Intoxicating Liquors § 596.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 March 10, 1970, at Detroit. (Docket No. 6,874.) Decided March 30, 1970.

Complaint by Leonard De Villez and Magalene De Villez against Anthony Schifano, doing business as the Happy Bar, for injuries resulting from being assaulted in the Happy Bar. Defendant's motion to dismiss plaintiff's second count granted. Plaintiff appeals by leave granted. Reversed and remanded.

*Moss, Williams & Smith,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (*B. I. Stanczyk* and *Joel S. Morse,* of counsel), for defendant.

Before: T. M. Burns, P. J., and Holbrook and Bronson, JJ.

Per Curiam. This is an appeal, upon leave granted by this Court, by plaintiffs, Leonard and Magalene De Villez, from an order of the circuit court for the county of Wayne, dismissing plaintiffs' second count of a two count complaint, against defendant, Anthony Schifano, doing business as the Happy Bar.

The facts are properly stated in plaintiffs' brief on appeal, *viz.:*

"The plaintiff Leonard De Villez claims to have been assaulted by one Lonnie Maynard while lawfully upon the premises of the defendant on July 26, 1968. On September 18, 1968, the plaintiff, together with his wife, brought suit against the defendant for injuries and damages allegedly resulting from the assault. Plaintiffs' complaint contains two counts, the first alleging an unlawful sale of intoxicants to the said Lonnie Maynard which was a proximate

cause of the assault and the second alleging a violation of the defendant's common-law duty to maintain his premises in a reasonably safe condition for business invitees, also a proximate cause of the assault.

"On November 8, 1968, the defendant brought on for hearing a motion to dismiss count two of plaintiffs' complaint on the basis that the plaintiffs' sole remedy is under the dramshop act[1] and that the exertion [*sic*] of the common-law negligence action is improper. The plaintiffs filed an answer to defendant's motion alleging that the common-law negligence count was properly brought and joined with the dramshop action under Michigan law.

"On December 17, 1968, an order was entered by the trial court dismissing count two of plaintiffs' complaint, the court being of the opinion that it must be guided by the decision of *Kangas* v. *Suchorski* (1964), 372 Mich 396."

Two issues are presented on this appeal:

1. Whether the remedy of a patron at a bar against the bar owner for injuries suffered from an assault by a fellow patron is limited to an action under the dramshop act?

2. Whether a patron of a bar may join a count based on negligence which is recognized in the common law as a valid cause of action to a count based on the dramshop act?

We deem these issues can be best dealt with together, and we therefore proceed on this basis.

There can be no question but that an action *based on an unlawful sale of intoxicants* must be brought under the dramshop act, because the action is a creature of statute, not recognized in the common law as a valid cause of action. *Jones* v. *Bourrie* (1963), 369 Mich 473; *Le Gault* v. *Klebba* (1967), 7 Mich App 640.

---

[1] MCLA § 436.22 (Stat Ann 1970 Cum Supp § 18.993).

It is likewise true that the development of the common law has recognized, on the basis of principles of master and servant relationship and safe premises for business invitees, liability on the part of tavern owners for the violation of certain duties owed to their customers. Included is the right to recover for injuries resulting from the failure of a tavern owner to exercise reasonable care to provide safe premises for his customers. 45 Am Jur 2d, Intoxicating Liquors, §§ 553–557, pp 852–857. *Gorby* v. *Yeomans* (1966), 4 Mich App 339. See, also, 70 ALR2d 628.

The allegations of count two of plaintiffs' complaint in the instant case pleaded an action squarely within the guidelines set out in *Gorby, supra,* and without reference to an unlawful sale of intoxicants.

The defendant cites three Supreme Court decisions in support of his position that plaintiffs' second count must fall. Plaintiffs assert in regard to these cases the following: "The cases dealing with the exclusiveness of the remedy have all involved attempts to avoid the lack of one of the prerequisites to recover under the statute by alleging a common-law cause of action. See for example *Jones* v. *Bourrie* (1963), 369 Mich 473 and *Holland* v. *Eaton* (1964), 373 Mich 34, both dealing with attempts to avoid the two year statute of limitations contained in the dramshop act. See also *Kangas* v. *Suchorski, supra,* involving an attempt to avoid the requirement of the dramshop act (as interpreted by the courts) that the plaintiff be an innocent party."

We note that the *Kangas* case, *supra,* involved an appeal after trial by jury which found for the defendant tavern owner. The facts are stated in the opinion, pp 398, 399.[2] These facts established that

---

[2] "The testimony shows that plaintiff and defendant Exelby drank together in defendant Suchorski's bar. After Exelby had become in-

plaintiff was not an innocent person, and that his cause of action was based on the dramshop act, including an unlawful sale. No proofs were offered by plaintiff to show facts to justify a count based upon common-law negligence.

In the recent case of *Baker* v. *Golematis* (1969), 17 Mich App 383, this Court held on pp 384, 385:

"Defendant argues that the dramshop act provides an exclusive remedy, and thus a companion allegation of common-law negligence is improper. *Holland* v. *Eaton* (1964), 373 Mich 34; *Kangas* v. *Suchorski* (1964), 372 Mich 396. Therefore, defendant contends that the court erred in the husband's case by denying defendant's motion to dismiss the allegations of common-law negligence, and in the wife's case by denying defendant's motion to require the wife to elect her remedy asserted under the dramshop act.

"The Holland decision and the language cited therefrom by defendant concerned the narrow question of whether suits under the dramshop act are excluded from application of the savings provisions of the general statutes of limitations. Hence, *Holland's* language of exclusive remedy does not support or establish the principle that there is an exclusive remedy under the dramshop act in all barroom

---

toxicated Suchorski served him further intoxicants. Plaintiff matched coins with Exelby to determine who was to pay for drinks. Some of the drinks served to Exelby after plaintiff knew that Exelby had become intoxicated were paid for by plaintiff and some for both of them were paid for by Exelby. A dispute arose between them as to whether plaintiff owed Exelby for some of the drinks. Exelby then struck plaintiff, causing the damage for which this suit was brought. Because plaintiff paid for some of the beer furnished Exelby while in an intoxicated condition, both courts below held he was not an innocent third party and, therefore, not entitled to recover from the bar owner or his surety under the statute in question.

"Plaintiff stresses that the statute forbids the sale of liquor to an intoxicated person and imposes civil liability upon the retailer for injuries resulting to any person by reason of such selling. He denies that the right to such recovery is limited by the statute to plaintiffs who are 'innocent persons'."

brawls. The *Kangas* decision also contains language apparently referring to a dramshop exclusive remedy principle, but the case cited therein also concerned a statute of limitations problem. Thus, neither case cited by defendant supports his position.

"There is no rule that a claim for damages under the dramshop act cannot be brought with a companion action alleging liability for negligence arising out of the same facts. In fact, a bar owner is subject to much more liability for injury to his patrons than that encompassed by the dramshop act for sale of alcoholic beverages to intoxicated persons. *Gorby* v. *Yeomans* (1966), 4 Mich App 339. Moreover, the law favors the combination of related claims in one action and penalizes the failure to join all claims arising out of the same transaction or occurrence. GCR 1963, 203."

We hold that the dramshop act affords the exclusive remedy for injuries arising out of an *unlawful sale, giving away,* or *furnishing of intoxicants. King* v. *Partridge* (1968), 9 Mich App 540, 543. However, the act does not control and it does not abrogate actions arising out of unlawful or negligent conduct of a tavern owner other than *selling, giving away,* or *furnishing of intoxicants,* provided the unlawful or negligent conduct is recognized as a lawful basis for a cause of action in the common law. We conclude that the second count of plaintiffs' complaint as pleaded was permissible and shall be reinstated.*

Reversed. Costs to plaintiffs.

---

* See, also, *Manuel* v. *Weitzman, post,* p 96.—REPORTER.