GRASSER v FLEMING

1. INTOXICATING LIQUORS—DRAMSHOP ACT—COMMON LAW—CAUSE OF
   ACTION.

   There is a common-law cause of action, independent of the
   dramshop act, for gross negligence or wilful, wanton and inten-
   tional misconduct by a tavern owner in selling alcohol to an
   intoxicated person who he knows is a compulsive alcoholic and
   who thereafter falls receiving injuries that result in his death.

2. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—APPEAL AND ERROR—
   COURT RULES.

   A motion for summary judgment for failure to state a claim upon
   which relief can be granted tests only the legal, not factual,
   sufficiency of the pleadings; an appellate review of a grant or
   denial of a motion for summary judgment accepts as true all of
   the nonmoving party's factual allegations as well as any rea-
   sonable inferences which may be drawn from the allegations
   (GCR 1963, 117.2[1]).

3. NEGLIGENCE—WRONGFUL DEATH—MAINTENANCE OF ACTION—STAT-
   UTES.

   A decedent's personal representative may maintain an action
   under the wrongful death act only if the decedent could have
   recovered in his own name had he not died (MCLA 600.2922;
   MSA 27A.2922).

4. INTOXICATING LIQUORS—DRAMSHOP ACT—RECOVERY—PERSONAL
   REPRESENTATIVES—STATUTES.

   A decedent's personal representative may not state a cause of

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 45 Am Jur 2d, Intoxicating Liquors §§ 265, 266, 561, *et seq.*
   Common-law right of action for damage sustained by plaintiff in
   consequence of sale or gift of intoxicating liquor. 75 ALR2d 839.
[2] 73 Am Jur 2d, Summary Judgment §§ 12–19.
[3] 22 Am Jur 2d, Death § 181.
[4] 45 Am Jur 2d, Intoxicating Liquors §§ 593, 594.
   Right to recover under civil damage or dramshop act for death of
   intoxicated person. 64 ALR2d 705.
[5] 45 Am Jur 2d, Intoxicating Liquors § 196.

action under the dramshop act against the liquor establishment that served intoxicating beverages to the decedent, a known alcoholic, who thereafter fell and received injuries resulting in death, since an intoxicated person has no right of action under the act (MCLA 436.22; MSA 18.993).

5. INTOXICATING LIQUORS—TAVERN OWNERS—DRAMSHOP ACT—COMMON LAW—SAFE PREMISES—STATUTES.

The dramshop act is not the exclusive remedy against a tavern owner for the wrongful service of intoxicants since there exists a common law cause of action for breach of the duty to maintain a safe place of business (MCLA 436.22; MSA 18.993).

6. INTOXICATING LIQUORS—COMMON LAW—TAVERN OWNERS—WRONGFUL SERVICE OF INTOXICANTS.

A common law cause of action for the wrongful service of intoxicants by a tavern owner has been recognized in a number of jurisdictions independent of statutory duty or prohibition where the person served is known to be addicted to alcohol or is already intoxicated and where the vendor knows, or should have known, of such condition.

Appeal from Wayne, Richard D. Dunn, J. Submitted January 10, 1977, at Detroit. (Docket No. 25200.) Decided March 29, 1977.

Complaint by Helen M. Grasser, executrix of the estate of Joseph Koshir, deceased, against Herman J. Fleming and Jean M. Fleming, doing business as Blue Flame Lounge, and others, for wrongful death. Motion for summary judgment by Herman and Jean Fleming denied. The Flemings appeal by leave granted. Affirmed.

*Katsoulos & Gillis* (by *David L. Richards),* for plaintiff.

*Seth H. Barsky,* for defendants.

Before: M. J. KELLY, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

M. J. KELLY, P. J. The primary issue is whether

there is a common law cause of action for gross negligence or wilful, wanton and intentional misconduct by a tavern owner in selling alcohol to an intoxicated person, who is a known compulsive alcoholic, contrary to an agreement not to serve such person by the tavern owner. This issue appears to be one of first impression in this state.

The parties have stipulated to a concise statement of facts. Plaintiff, the daughter of Joseph Koshir and executrix of his estate, brought a common law cause of action under the wrongful death act, MCLA 600.2921, *et seq.;* MSA 27A.2921, *et seq.,* alleging gross negligence and wilful, wanton and intentional misconduct against defendants for serving alcoholic beverages to the decedent. Plaintiff alleged that the defendants knew that the decedent was an alcoholic, unable to refuse alcoholic beverages; that defendants had been requested by plaintiff *and had agreed* not to serve the decedent, an elderly man, any alcoholic beverages.

Plaintiff alleged that on October 21, 1973, the decedent, already intoxicated, was a patron of defendants' bar, the Blue Flame Lounge, and that they or their employees served decedent alcohol which resulted in an abject state of intoxication; that the decedent left the bar and walked to a bridge over the Rouge River, which he tried to negotiate by walking a 20-inch unguarded concrete projection; that he lost his balance and fell eight feet to the ground suffering injuries which caused his death the next day.

Plaintiff also alleged that the defendants owed a common law duty to the decedent, after being advised that he was an habitual drunkard, to refuse him drink. Defendant Redford Township, which is not involved in this appeal, was alleged to

have breached a duty to provide a reasonably safe and convenient means of pedestrian travel across the Rouge River.

Defendants filed a motion for summary judgment based on the dramshop act, MCLA 436.22; MSA 18.993, requesting that the action be dismissed for failure to join the intoxicated person as a party defendant. An additional motion for summary judgment was filed by the defendants requesting a dismissal of the common law cause of action and for reduction of the *ad damnum* clause to remove any claim for punitive damages. Thereafter, answer to both motions were filed and a hearing was held before the Honorable Richard D. Dunn of the Wayne County Circuit Court on February 21, 1975.[1] On March 5, 1975, the defendants filed an amended motion for summary judgment for failure of plaintiff to state a cause of action.

On April 2, 1975, the trial court denied defendants' motion for summary judgment. The trial court noted that the case of *Hollerud v Malamis,* 20 Mich App 748; 174 NW2d 626 (1969), had not foreclosed the issue of whether or not there is a common law cause of action in Michigan, independent of the dramshop act, for serving intoxicating beverages to one known to be addicted to alcohol or who is already intoxicated to the point of helplessness. The trial court held as follows:

"Accordingly, it is apparent to the writer that, regardless of the Dramshop Act, a liquor licensee in this State who serves intoxicating beverages to one known to be addicted to alcohol, or who is already intoxicated to the point of helplessness, should be required to answer in a common law action for gross negligence. To do otherwise would be to indicate that party litigants

[1] Judge Dunn was sitting in place of Judge Joseph A. Moynihan, Jr. to whom this case was assigned.

before this Court are confronted with a Court where Justice is blind. The modern enlightened view is to hold that there is such a common law duty where. gross negligence is alleged.

"I recognize that there are no cases on this question, however a start must be made somewhere. Accordingly, the Court will deny the Motion for Summary Judgment, preserving to the defendants the right of appeal."

In reviewing a grant or denial of a motion for summary judgment we accept as true all of plaintiff's factual allegations including any reasonable inferences which may be drawn from those allegations. *Hoag v Paul C Chapman & Sons, Inc,* 62 Mich App 290, 295; 233 NW2d 530 (1975). Further, a motion for summary judgment for failure to state a claim upon which relief can be granted, GCR 1963, 117.2(1), tests only the legal, not factual sufficiency of the pleadings.

Plaintiff has alleged that the defendants sold intoxicating beverages to the decedent after he was intoxicated and after they had been warned at least twice that the decedent was a hopeless alcoholic unable to refuse alcoholic beverages; *that they agreed* thereafter not to serve alcoholic beverages to the decedent. Plaintiff also alleges that the defendants "wilfully, knowingly, maliciously and intentionally" violated their common law duty not to serve alcohol to an intoxicated, known alcoholic, and that this "careless and wilful" disregard of such duty caused reasonably foreseeable injuries.

It is interesting to note that since plaintiff is bringing her action under the wrongful death act, MCLA 600.2922; MSA 27A.2922, plaintiff's decedent, had he not died, must have been entitled to maintain this action in order for plaintiff to recover under this act. *Hoag, supra,* 296. Plaintiff does not plead the dramshop act, MCLA 436.22;

MSA 18.993, as the basis of her cause of action. Plaintiff could not state a cause of action under the dramshop act because an intoxicated person has no right of action under the act. See *Scholten v Rhoades,* 67 Mich App 736, 742; 242 NW2d 509 (1976), *Hollerud v Malamis, supra,* 752–753.[2] Our concern is whether an intoxicated person has a common law cause of action under the pleaded facts.

In *Hollerud, supra,* the plaintiff consumed numerous bottles of beer at two different bars, then became involved in an indian wrestling contest with the bartender at the second bar injuring the fingers on his left hand. He brought an action against the owners of the bars asserting that his injuries were caused by their violations of the dramshop act and by their negligence in selling him liquor. Judge (now Justice) LEVIN, after concluding that the intoxicated person had no cause of action under the dramshop act, proceeded to discuss a common law cause of action:

"Edward Hollerud alternatively asserts that he has a common-law cause of action for negligence independent of the statute. In our opinion this issue is not necessarily foreclosed by the statements of our Supreme Court in *Jones v Bourrie* (1963), 369 Mich 473, 476 [120 NW2d 236], and *Kangas v Suchorski, supra,* p 401, [372 Mich 396; 126 NW2d 803 (1964)], that the dramshop act provides the exclusive remedy. While the Supreme Court may yet declare that the dramshop act is so far exclusive of other remedies that the tavern owner has

---

[2] Although the intoxicated person may not recover for his own injuries under the dramshop act, his or her dependents may recover under the act. *Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976), *Robertson v Devereaux,* 32 Mich App 85; 188 NW2d 209 (1971). However, in this case plaintiff is the decedent's daughter and the executrix of his estate and is not a dependent of the decedent; and in order for plaintiff to recover the decedent would have to be able to recover, which he cannot.

no liability whatsoever except under the dramshop act, we prefer not to anticipate such a holding and note that in both *Jones* and *Kangas* the plaintiffs sought to recover for injuries caused by an intoxicated person. Here a claim is advanced on account of injuries sustained by an intoxicated person who, as previously mentioned, has no remedy under the dramshop act. Additionally, this aspect of Edward Hollerud's common-law theory is not predicated on the absolute liability of §§ 22 and 29 [MCLA 436.22, MCLA 436.29; MSA 18.993, MSA 18.1000] but, rather, is based on the defendant tavern owners' alleged fault in selling him liquor when he was visibly intoxicated." 20 Mich App 748, 753–754. (footnotes omitted).

The question is, to what extent is the dramshop act the exclusive remedy against a tavern owner for wrongful service of intoxicants? In *Manuel v Weitzman,* 386 Mich 157, 163; 191 NW2d 474 (1971), the Supreme Court recognized that the remedy of the dramshop act is not exclusive since there exists a common law cause of action for breach of the duty to maintain a safe place of business. The Court noted:

"The common-law duty of a liquor establishment to maintain a safe place of business for its customers is the same duty any business owes to those it invites upon its premises. The dramshop act was not intended to affect that duty. Dramshop acts were passed because under the common law it was not a tort to sell or furnish intoxicating liquor to an ordinary able-bodied man, even though as a result of his becoming intoxicated injury resulted to himself or to others. Their purpose was to fill a void in the law, not to remove the well-recognized duty of a tavern keeper to exercise due care for the welfare and safety of invited patrons." 386 Mich 157, 163 (footnotes omitted).

The Court then concluded:

"The decisions in *Kangas* [v Suchorski, 372 Mich 396; 126 NW2d 803 (1964)] and *Jones [v Bourrie,* 369 Mich 473; 120 NW2d 236 (1963)] are in error insofar as they purport to hold that the liability provisions of the dramshop act not only preempt any common-law action for negligent sale, but also preempt a common-law action for 'negligence in failing to maintain a suitable place and safe conditions for business invitees'. The Court of Appeals' decisions in *Baker [v Golematis,* 17 Mich App 383; 169 NW2d 521 (1969)] and *De Villez, supra, [De Villez v Schifano,* 23 Mich App 72; 178 NW2d 147 (1970)] state the correct rule of law. We specifically approve the following statement in *De Villez* (p 77):

" 'We hold that the dramshop act affords the exclusive remedy for injuries arising out of an *unlawful sale, giving away,* or *furnishing of intoxicants. King v Partridge* (1968), 9 Mich App 540, 543; [157 NW2d 417]. However, the act does not control and it does not abrogate actions arising out of unlawful or negligent conduct of a tavern owner other than *selling, giving away,* or *furnishing of intoxicants,* provided the unlawful or negligent conduct is recognized as a lawful basis for a cause of action in the common law.' " 386 Mich 157, 164–165 (emphasis in original).

We are in doubt as to whether the Supreme Court intended this language to preclude a common law cause of action for gross negligence or wilful, wanton and intentional misconduct in the sale of alcoholic beverages under the circumstances of this case. We conclude that it did not for the following four reasons: 1) in *Manuel, Baker,* and *De Villez, supra,* a customer was assaulted and the question became whether the plaintiff could maintain an action under the dramshop act, as well as a common law action for negligence against the tavern owner in failing to maintain the premises in a reasonably safe condition. The holding in each case was that the plaintiff could

maintain such a two-pronged action. Further in *King, supra* cited in *Manuel* and *De Villez* as authority for the proposition that "the dramshop act affords the exclusive remedy for injuries arising out of an unlawful sale, giving away, or furnishing of intoxicants," this Court found that an employee's serving of intoxicants to herself was "furnishing or giving" *(King, supra,* 543) within the language of the act; 2) the Supreme Court in *Manuel, supra,* p 163, stated that the "Dramshop acts were passed because under the common law it was not a tort to sell or furnish intoxicating liquor to an ordinary able-bodied man". In the present case, plaintiff alleges that decedent was a sick elderly man, an habitual drunkard, unable to tolerate drink; 3) an exception to the general rule was recognized at common law where the consumer was in such a helpless state as to have lost his free will;[3] 4) it would be inequitable not to allow a consumer a remedy for the intentional,

---

[3] In *Hollerud v Malamis,* 20 Mich App 748, 760; 174 NW2d 626 (1969), footnote 24 reads as follows:

"See *McCue v Klein* (1883), 60 Tex 168 (48 Am Rep 260); *Nally v Blandford* (Ky, 1956), 291 SW2d 832; *Ibach v Jackson* (1934), 148 Ore 92 (35 P2d 672); *Swanson v Ball* (1940), 67 SD 161 (290 NW 482); *Pratt v Daly* (1940), 55 Ariz 535 (104 P2d 147, 130 ALR 341). *McCue, Nally* and *Ibach* were actions for wrongful death and, thus, proceeded on the theory that the deceased customer himself had a cause of action against the tavern owner.

"In *Swanson* and *Pratt* the wife of the intoxicated person was allowed to recover. In those two cases the courts analogized the sale of intoxicating liquor to the sale of a habit-forming drug and relied on cases imposing liability for wrongful sale of drugs. See 3 Restatement, Torts, § 696, p 497 (sale to wife of habit-forming drug). The restatement expressly states that the term 'habit-forming drugs' does not include intoxicating liquor; there is a 'special note' which mentions that in many states there are statutes prohibiting sale of liquor to addicts or intoxicated persons but there is no discussion in the special note of whether there is liability at common law independently of a statutorily imposed duty. Apparently there will be no modification of the Institute's position in the Restatement, Torts, 2d. See Tentative Draft 14, pp 23, 24.

"See, also, *Dunlap v Wagner* (1882), 85 Ind 529." 20 Mich App 748, 760.

reckless or grossly negligent conduct of a tavern owner. Therefore, we hold that the dramshop act is not an exclusive remedy such that a tavern owner has no liability under the circumstances alleged.

Having made this determination, we refer back to *Hollerud:*

"Nevertheless, having in mind our function as an intermediate appellate court, we do not think that we would be justified in announcing liability for *ordinary* negligence in this sector of the law completely independent of a statute prescribing a standard of care. The announcement in opposition to a large generally accepted body of precedent of new rules of law, without precedent (other than analogies) in any common-law jurisdiction (excepting only the one case referred to, see footnote 22) must be left to final courts of review. We again mention that our Supreme Court has held that the section of our statute which prescribed a standard of care, § 29 [MCLA 436.29; MSA 18.1000] (our counterpart of the statutory standard relied on in *Rappaport [v Nichols,* 31 NJ 188; 156 A2d 1; 75 ALR2d 821 (1959)]), does not confer a remedy on the intoxicated consumer himself.

"A common-law cause of action arising independently of a statutory duty or prohibition has been recognized in a few unusual cases where the consumer could be said to have lost his free will, *e.g.,* where he was addicted to alcohol or intoxicated to the point of helplessness and such addiction or incapacity was known to the vendor or should have been. The sale in such a case has been viewed as merging with the consumption, thus becoming the cause of injury on the rationale that a person in such a state could not consent or be guilty of contributory negligence.

"We see no need to decide whether there is a common-law cause of action in this State, independent of the statute, for serving intoxicating beverages to one known to be addicted to alcohol or who is already intoxicated to the point of helplessness. Nothing in Edward Hollerud's complaint alerted either the trial

judge or the defendants to the possibility that Hollerud's common-law theory was based on the claim that the defendants' acts or omissions amounted to more than ordinary negligence, that he claimed he was the victim of the kind of intentional, reckless or grossly negligent conduct for which recovery was allowed in the exceptional cases." 20 Mich App 748, 758–761 (footnotes omitted) (emphasis in original).

In the present case, plaintiff has alleged gross negligence and wilful, wanton and intentional misconduct and therefore it is necessary to decide the issue the *Hollerud* court didn't. As Justice LEVIN points out some jurisdictions do recognize a common law action for gross negligence or wilful and wanton misconduct, independent of statute, where the consumer was helplessly intoxicated or addicted and such incapacity was known or should have been known to the vendor.[4] In *Waynick v Chicago's Last Department Store*, 269 F2d 322 (CA 7, 1959), *cert den* 362 US 903; 80 S Ct 611; 4 L Ed 2d 554 (1960), the Court, applying Michigan law as to tort liability, found a common law cause of action for negligence against a tavern owner for unlawfully selling alcoholic beverages. This case involved a third-party action against the owners of a liquor establishment for unlawfully selling alcoholic beverages in Illinois to the owner and driver of a car while they were intoxicated and who later became involved in a collision with plaintiff in Michigan. After deciding that neither the Michigan or Illinois dramshop act applied, the Court stated that unless a remedy existed at common law the plaintiffs could not recover. Although the facts at bar are readily distinguishable, the situa-

---

[4] *See* footnote 3, *supra*. *See also* 130 ALR 352; 54 ALR2d 1152; and 75 ALR2d 833.

tion is analogous. The court applied the common law of Michigan in finding a cause of action.

In *Mason v Roberts,* 33 Ohio St 2d 29; 294 NE2d 884 (1973), the Ohio Supreme Court found a common law cause of action for wrongful death against a tavern operator, although the dramshop act was inapplicable.[5] The Court held that the dramshop act was not the exclusive remedy against a tavern operator for harm caused to a third person by a patron who was served intoxicating beverages. The Court stated:

"The pleadings are sufficient to raise the issue of liability based upon the sale of intoxicating beverages to an intoxicated patron or a patron who habitually drinks intoxicating liquors to excess. Addressing itself to this issue the Common Pleas Court determined that 'at common law there was no recognizable cause of action maintainable against one who sold, gave away or furnished intoxicating liquors to a person who thereafter as a result of such intoxicants caused injury or damage to a third person.' This common-law principle stemmed from the presumption that it was the consumption rather than the sale which constituted the proximate cause of the harm done the third party. This principle has diminished over the years, culminating in at least two possible exceptions, both of which are raised by the petition.

"On the one hand, the issue of proximate cause has been properly left to the jury where the allegations, supported by the evidence, are such that, to the seller's knowledge, the purchaser's will to refrain is so impaired that it is not possible for him to refrain from drinking the liquor when it is placed before him. *Pratt v Daly* (1940), 55 Ariz. 535, 104 P.2d 147. This court applied this rationale in *Flandermeyer v Cooper* (1912), 85 Ohio St. 327, 98 N.E. 102, involving the intentional sale of morphine to one known to be so weak in mind as to be unable to refuse it.

[5] The Ohio Court of Appeals' decision which was affirmed is reported at 35 Ohio App 2d 29; 300 NE2d 211 (1971).

"Alternatively, the sale of intoxicants has been determined to be the proximate cause of subsequent harm to a third party when such sale is contrary to statute. See 45 American Jurisprudence 2d 854, Intoxicating Liquor, Section 555, and cases cited." 33 Ohio St 2d 29, 32, 33; 294 NE2d 884, 887.

In the present case plaintiff's allegations which we accept as true are sufficient to come within the first exception set forth in *Mason*. Further, it is important to note that in *Mason*, as in this case, a dramshop act existed which was inapplicable and the Court found a common law cause of action. See also *Berkeley v Park*, 47 Misc 2d 381; 262 NYS2d 290 (Sup Ct 1965).

We thus recognize a common law cause of action for serving a known drunk that other jurisdictions have also similarly found independent of the dramshop act. Not surprisingly there is a split of authority.[6] We hold that plaintiff has stated a cause of action for gross negligence and wilful, wanton, and intentional misconduct independent of the dramshop act.

Affirmed. No costs.

---

[6] *Contra, Robinson v Bognanno,* 213 NW2d 530 (Iowa, 1973), *Kindt v Kauffman,* 57 Cal App 3d 845; 129 Cal Rptr 603 (1976).