LUCIDO v APOLLO LANES AND BAR, INC

Docket No. 61725. Submitted December 14, 1982, at Detroit.—Decided
    February 10, 1983. Leave to appeal denied, 417 Mich 1087.

    Joseph Lucido, Jr., and Joseph Lucido brought an action in the
    Macomb Circuit Court against Apollo Lanes and Bar, Inc., and
    Shore Lanes, Inc., jointly and severally, seeking damages for
    injuries sustained by Joseph Lucido, Jr., a minor, in an
    automobile accident which occurred after he was served alco-
    holic beverages at the defendants' establishments. Count I of
    plaintiffs' complaint alleged that defendants violated a penal
    statute by failing to make inquiry regarding the minor's age;
    engaged in gross, wilful, and wanton misconduct by encourag-
    ing the minor to drink to excess; failed to act in a reasonable
    manner; and failed to warn concerning the use of intoxicants
    by a minor. Count II sought damages for loss of services and
    loss of society by Joseph Lucido. The trial court, James C.
    Daner, J., granted the defendants' motions for summary judg-
    ment dismissing Count I for failure to state a claim upon which
    relief could be granted. Plaintiffs appeal alleging several errors.
    *Held:*

        1. The dramshop act gives a cause of action to a person
    injured by a visibly intoxicated person by reason of an unlawful
    sale or furnishing of intoxicants to the person where the sale is
    a proximate cause of the injury. The intoxicated person has no
    cause of action against the bar owner for injuries sustained due
    to an unlawful sale because he is not an innocent person
    entitled to recover under the act.

        2. The dramshop act affords the exclusive remedy for injuries
    arising out of an unlawful sale, giving away, or furnishing of
    intoxicants. The facts of this case do not warrant a finding of
    an exception to this general rule.

        3. Plaintiffs may not assert a claim based on a violation of a
    penal statute.

        4. The statute providing that sale of liquor to a minor is a

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors §§ 553-556.
[2, 3] 45 Am Jur 2d, Intoxicating Liquors §§ 561-564.
[4] 45 Am Jur 2d, Intoxicating Liquors §§ 562, 564.
[5] 45 Am Jur 2d, Intoxicating Liquors § 561.
    59 Am Jur 2d, Parties § 31.

misdemeanor does not create a cause of action for a minor who is illegally served.

Affirmed.

1. Intoxicating Liquors — Common Law — Remedies.

A common-law remedy did not exist against a bar owner who sold liquor to a minor or a visibly intoxicated person.

2. Intoxicating Liquors — Dramshop Act — Remedies.

The dramshop act gives a cause of action to persons injured by a visibly intoxicated person by reason of an unlawful sale or furnishing of intoxicants to the person where the sale is a proximate cause of the injury; the intoxicated person has no cause of action against the bar owner for injuries sustained due to an unlawful sale since he is not an innocent person entitled to recover under the act (MCL 436.22[5]; MSA 18.993[5]).

3. Intoxicating Liquors — Dramshop Act — Remedies.

The dramshop act affords the exclusive remedy for injuries arising out of an unlawful sale, giving away, or furnishing of intoxicants (MCL 436.22; MSA 18.993).

4. Intoxicating Liquors — Actions.

A plaintiff in an action for damages for injuries sustained by the plaintiff as a result of an unlawful sale, giving away, or furnishing of intoxicants may not assert a claim based on a violation of a penal statute by the defendant.

5. Intoxicating Liquors — Liquor Control Act — Actions — Minors.

The Michigan Liquor Control Act provision providing that the sale of liquor to a minor is a misdemeanor does not create a cause of action on the behalf of a minor who is illegally served (MCL 436.33; MSA 18.1004).

*Fred A. York & Associates, P.C.* (by *John A. Dolan),* for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *George F. Clark* and *Michael L. Updike),* for Apollo Lanes and Bar, Inc.

*Fulkerson, Hudson, Bileti, Pierce & Tennent, P.C.* (by *Joseph J. Bileti),* for Shore Lanes, Inc.

Before: CYNAR, P.J., and N. J. KAUFMAN and
MacKENZIE, JJ.

PER CURIAM. Plaintiffs Joseph Lucido, Jr., and
Joseph Lucido filed a complaint against defendants
Apollo Lanes and Bar, Inc. (Apollo Lanes), and
Shore Lanes, Inc. (Shore Lanes). Plaintiffs alleged
that Joseph Lucido, Jr. (plaintiff), then a minor,
was served alcoholic beverages at Apollo Lanes on
September 28, 1980, no inquiry having been made
about his age. Although plaintiff became visibly
intoxicated, employees of Apollo Lanes continued
to serve him alcohol. Plaintiff left Apollo Lanes
and proceeded to Shore Lanes, where he was fur-
ther served intoxicating beverages without inquiry
into his age and while visibly intoxicated. Plaintiff
then left Shore Lanes. While traveling home in his
automobile, he lost control of the vehicle, left the
roadway and struck a house, sustaining severe
injuries. Plaintiffs alleged that defendants violated
a penal statute by failing to make inquiry into
plaintiff's age; engaged in gross, wilful, and wan-
ton conduct by encouraging plaintiff to drink to
excess; failed to act in a reasonable manner; and
failed to warn concerning the use of intoxicants by
a minor. Count II of plaintiffs' complaint sought
damages for loss of services and loss of society
suffered by Joseph Lucido.

Count I of plaintiffs' complaint was dismissed
pursuant to motions for summary judgment based
on GCR 1963, 117.2(1), the trial court finding that
plaintiffs had failed to state a claim upon which
relief could be granted.

On appeal, plaintiffs argue that the trial court
erred in granting defendants' motions for sum-
mary judgment on the ground that the dramshop
act created an exclusive remedy for actions against
tavern owners for damages sustained due to an

unlawful sale of intoxicants. Plaintiffs also argue that the dramshop act did not preempt a common-law remedy arising from the violation of MCL 436.33; MSA 18.1004, a penal statute. Plaintiffs' third argument states that the trial court erred in dismissing plaintiffs' cause of action alleging gross and wilful conduct by defendants. This Court finds no error in the trial court's dismissal of plaintiffs' claim.

No common-law remedy existed against a bar owner who sold liquor to a minor or a visibly intoxicated person. *Browder v International Fidelity Ins Co,* 413 Mich 603; 321 NW2d 668 (1982). MCL 436.22; MSA 18.993, a portion of the Michigan Liquor Control Act commonly known as the "dramshop act", created a statutory remedy against tavern owners. *Browder, supra.* The statute gives a cause of action to a "wife, husband, child, parent, guardian, or other person" injured by "a visibly intoxicated person" by reason of an unlawful sale or furnishing of intoxicants to the person, where the sale is a proximate cause of the injury. MCL 436.22(5); MSA 18.993(5). The intoxicated person has no cause of action against the bar owner for injuries sustained due to an unlawful sale because he is not "an innocent person entitled to recover under the act". *Kangas v Suchorski,* 372 Mich 396, 401; 126 NW2d 803 (1964).

Many cases decided by the Supreme Court and this Court have discussed whether the dramshop act was intended as an exclusive remedy against tavern owners for the unlawful sale of intoxicants. Most recently, in *Browder,* the Supreme Court concluded that: "The Legislature obviously intended the cause of action and the period of limitations provided in the dramshop act to be the exclusive cause of action and exclusive period of

limitations * * *". *Browder,* p 612. After a lengthy and thorough analysis, the Court stated:

"In summary, we find that the Legislature intended the dramshop act to be a complete and self-contained solution to a social problem not adequately addressed at common law. The plain and unambiguous language, together with the built-in checks and balances adopted by the Legislature to finely hone the rights and obligations of the parties under the act, lead to only one conclusion: the Legislature intended the statutory action of trespass on the case to be the exclusive remedy and 'any action' arising under dramshop-related facts to be instituted within two years." (Footnote omitted.) *Browder,* pp 615-616.

In *Manuel v Weitzman,* 386 Mich 157, 164-165; 191 NW2d 474 (1971), the Supreme Court specifically approved the following statement: "We hold that the dramshop act affords the exclusive remedy for injuries arising out of an unlawful sale, giving away, or furnishing of intoxicants" (emphasis omitted), quoting *DeVillez v Schifano,* 23 Mich App 72, 77; 178 NW2d 147 (1970). Accord, *Rowan v Southland Corp,* 90 Mich App 61, 68-69; 282 NW2d 243 (1979); *Jones v Bourrie,* 369 Mich 473; 120 NW2d 236 (1963).

This Court finds the above-cited cases to be controlling. The trial court correctly granted summary judgments on plaintiff Joseph Lucido, Jr.'s, claim. The dramshop act is an exclusive remedy, and plaintiffs may not assert a claim based on a violation of a penal statute.

Plaintiffs argue that a common-law action for violation of MCL 436.33; MSA 18.1004 existed prior to the enactment of the dramshop act and that the dramshop act has not preempted that common-law cause of action.

It is this Court's opinion that the dramshop act

was designed to create the type of action which plaintiffs argue can be derived from the penal statute. The dramshop act and the cases interpreting it indicate that the remedy provided therein is exclusive. While MCL 436.33; MSA 18.1004 provides that the sale of liquor to a minor is a misdemeanor, it does not specifically create a cause of action for a minor who is illegally served. It does not appear from anything in the statute that it was the Legislature's intent to create a cause of action on the behalf of a minor.

In *Manuel,* the Supreme Court ruled that the dramshop act is an exclusive remedy for injuries arising out of the unlawful sale, giving away, or furnishing of intoxicants. The only case which has found an exception to this rule is *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977). In *Grasser,* a wrongful death action brought by the deceased intoxicated person's executrix was allowed. The defendants in *Grasser* had been advised by the executrix-daughter that the deceased was an alcoholic and unable to tolerate drink. Defendants had agreed not to serve him. They violated that agreement, and the deceased suffered injuries while intoxicated which caused his death.

Plaintiffs here alleged in their complaint that defendants breached their duty to plaintiff Joseph Lucido, Jr.:

"By gross, wilful and wanton conduct through affirmatively encouraging plaintiff's conduct in drinking in excess."

The trial court properly granted summary judgments for failure to state a claim for gross negligence. The facts of this case do not warrant a finding of an exception to the general rule stated in *Manuel.*

Affirmed.