KERRY v TURNAGE

Docket No. 77719. Submitted March 13, 1985, at Lansing. Decided
September 8, 1986. Leave to appeal denied, 428 Mich 856.

Plaintiffs, Terry L. Kerry, personal representative of the estate of
Jeanne A. Schmiedeknecht, deceased, and Timothy E. Schmie-
deknecht, individually and as conservator of the estates of
Ryan P. Schmiedeknecht, Renell L. Schmiedeknecht, Raykal P.
Schmiedeknecht and Relean Schmiedeknecht, minors, brought
a dramshop action and a common-law negligence action in the
Genesee Circuit Court against Frank G. Turnage, personal
representative of the estate of Gerald L. Steffy, deceased, West-
wood Heights School District, Hamady Athletic Boosters Orga-
nization and others. Plaintiffs alleged in part that the school
district's agent, Hamady Athletic Boosters Organization, an
athletic booster organization, served alcoholic beverages to a
visibly intoxicated person, Gerald L. Steffy, who later killed
plaintiffs' decedent. The alcohol was allegedly served at a "Las
Vegas Night" fundraiser held by Hamady Athletic Boosters
Organization in a hall rented by Hamady. Alcoholic beverages
were sold at the fundraiser under a special one-day license
issued by the Michigan Liquor Control Commission. The school
district brought a motion for summary judgment which the
trial court, Judith A. Fullerton, J., granted based on a failure
to state a claim upon which relief could be granted. Plaintiffs
appeal from that order.

The Court of Appeals *held:*

1. The principal of a retail licensee may be held vicariously
liable under the dramshop provision of the Michigan Liquor
Control Act.

2. Nothing in the dramshop act appears to prevent the
application of vicarious liability. The existence of an agency
relationship is a question of fact. The summary judgment on

References

Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.*

Common-law right of action for damage sustained by plaintiff in
consequence of sale or gift of intoxicating liquor or habit-forming
drug to another. 97 ALR3d 528.

Counts I and II is reversed and the case remanded for further proceedings.

3. Count IV of plaintiffs' complaint does not state a cause of action against the school district. No common-law action exists for negligently selling alcohol to a visibly intoxicated person. A dramshop action is the exclusive remedy in such a matter. The summary judgment on Count IV is affirmed.

4. The Michigan dramshop act provides the exclusive remedy against licensees for the unlawful sale of intoxicants.

Affirmed in part and reversed in part.

SHEPHERD, P.J., concurred and noted that the question of whether the case of *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), applies to the facts of this case should be addressed on remand.

V. J. BRENNAN, J., dissented. It is his belief that the extension of vicarious liability under the majority's theory of the case was not the intent of the Legislature. He would strictly construe the dramshop act and not apply vicarious liability. He also noted that the school district is not liable under the act because it was not within the class of persons charged with the duty of not serving intoxicated persons. He would affirm.

OPINION OF THE COURT

1. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — VICARIOUS LIABILITY.

The principal of a retail licensee may be held vicariously liable under the dramshop provision of the Michigan Liquor Control Act (MCL 436.22; MSA 18.993).

2. INTOXICATING LIQUORS — DRAMSHOP ACTIONS.

The class of persons who may be held liable under the dramshop provision of the Michigan Liquor Control Act is to be determined by reference to those charged with the duty to refrain from supplying liquor to minors and visibly intoxicated persons (MCL 436.22[3]; MSA 18.993[3]).

3. AGENCY — VICARIOUS LIABILITY.

Vicarious liability describes the existence of a relationship, not a cause of action; because of this relationship, the principal is held responsible for the torts of its agent which are committed in the scope of the agency.

4. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — COMMON-LAW ACTIONS — NEGLIGENT SALES.

A common-law action does not exist for negligently selling alcohol to a visibly intoxicated person; the dramshop provision of

the Michigan Liquor Control Act provides the exclusive remedy against licensees for the unlawful sale of intoxicants (MCL 436.22; MSA 18.993).

### DISSENT BY V. J. BRENNAN, J.

5. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — VICARIOUS LIABILITY.

*The dramshop provision of the Michigan Liquor Control Act imposes harsh remedies and must be strictly construed; nothing in the act provides for the extension of vicarious liability under the principal-agency rule to the principal of a retail licensee (MCL 436.22; MSA 18.993).*

6. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — AGENCY.

*A school district may not be held liable under the dramshop provision of the Michigan Liquor Control Act for damages resulting from the sale of intoxicating liquor by its agent pursuant to a license issued to the agent where the school district is not within the class of persons charged with the duty of not serving intoxicated persons (MCL 436.22; MSA 18.993).*

*Mark C. Wawro* and *Robin L. Wheaton,* for plaintiffs.

*Keil, Henneke & McKone* (by *Edward G. Henneke* and *James Delaney*), for Westwood Heights School District.

Before: SHEPHERD, P.J., and V. J. BRENNAN and C. JOBES,* JJ.

C. JOBES, J. Plaintiffs brought a dramshop action, MCL 436.22; MSA 18.993, and a common-law negligence action against the defendant school district and others. Plaintiffs alleged that the school district's agent, an athletic booster organization, served alcoholic beverages to a visibly intoxicated person, Gerald L. Steffy, who later killed plaintiffs' decedent, Jeanne A. Schmiedeknecht. The trial court held that plaintiffs failed to state a

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

claim upon which relief could be granted and granted the school district's motion for summary judgment. GCR 1963, 117.2(1). Plaintiffs appeal as of right. We reverse and hold that the principal of a retail licensee may be held vicariously liable under the dramshop provision of the Michigan Liquor Control Act, MCL 436.22; MSA 18.993.

Hamady Athletic Boosters Organization is a group of parents and interested persons who contribute money and promote the athletic teams at defendant school district's only high school, Hamady High School. The school and the school district are located in Mt. Morris Township, in Genesee County. Jeanne A. Schmiedeknecht, the decedent, who was estranged from her husband, plaintiff Timothy E. Schmiedeknecht, and Gerald L. Steffy attended a "Las Vegas Night" fundraiser held by Hamady on February 21, 1982. The affair was held in a hall rented by Hamady and located in Mt. Morris Township. Steffy and decedent were at a bar earlier in the evening and arrived at the fundraiser with friends at approximately 7:00 P.M. They left some time between 12:00 and 1:00 A.M., stopping at the same bar again on the way home. Alcoholic beverages were sold at the fundraiser under a special one-day license issued by the Michigan Liquor Control Commission, and gambling took place under a Millionaire Party License issued by the Michigan Lottery Commission. Plaintiffs allege that Steffy was visibly intoxicated throughout the evening. On returning to decedent's home, decedent and Steffy went to the bedroom. An argument ensued and Steffy shot her with a shotgun. He then went to the basement and killed himself with the same gun.

Plaintiffs filed suit against Steffy's estate, the bar, Hamady, and defendant school district. The complaint alleged violations of MCL 436.22; MSA

18.993 by the bar, Hamady, and the school district, in that Steffy was served alcoholic beverages, though already visibly intoxicated, and that this was the proximate cause of decedent's death at Steffy's hand. The complaint also alleged that Hamady was the school district's agent. The school district denied any agency relationship.

Defendant school district moved for summary judgment. Considerable confusion ensued as to which court rule the motion was brought under. Ultimately, the court treated the motion as one brought under GCR 1963, 117.2(1), and ruled that plaintiffs had failed to state a claim against the school district based on an agency theory. The court ruled that plaintiffs may not proceed under the dramshop act against one other than the licensee, in this case, Hamady.[1] The court also granted summary judgment in the school district's favor on Count IV of plaintiffs' complaint, finding that the dramshop act was plaintiffs' exclusive remedy for injuries arising from the unlawful sale of alcoholic beverages to Steffy.

Plaintiffs argue that they have stated a claim against defendant school district because the school district may be held vicariously liable for its agent's alleged violation of the dramshop act. The trial court granted the school district's motion for summary judgment based on GCR 1963, 117.2(1). Therefore, for purposes of this appeal, we assume that Hamady is defendant school district's agent.

MCL 436.22(5); MSA 18.993(5) provides in part:

> A wife, husband, child, parent, guardian, or other person injured in person, property, means of support, or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or

---

[1] For purposes of the motion, plaintiffs stipulated that Hamady was the only named licensee.

furnishing of intoxicating liquor to the person, if the same is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the injury.

The class of persons who may be held liable under the dramshop act is to be determined by reference to those charged with the duty to refrain from supplying liquor to minors and visibly intoxicated persons. *Guitar v Bieniek,* 402 Mich 152, 165; 262 NW2d 9 (1978). Subsection (3) of MCL 436.22; MSA 18.993 prohibits a retail licensee from supplying liquor to minors or visibly intoxicated persons:

(3) A retail licensee shall not directly or indirectly, individually or by a clerk, agent, or servant sell, furnish, give, or deliver alcoholic liquor to a minor except as provided in this act, nor to a person who is visibly intoxicated. A retail licensee who violates this subdivision shall pay all actual damages that may be awarded to a person for injuries inflicted upon the person, the person's property or means of support, or otherwise resulting from the selling, furnishing, giving, or delivering of alcoholic liquor to the person.

In *Guitar v Bieniek, supra,* the issue was whether a private rental hall could be held liable under the act. There, the liquor license and alcoholic beverages were obtained by the lessees but the keg beer, waiter, and facilities were provided by the rental hall. The Supreme Court concluded that the rental hall could not be held liable under the act because it was not within the class of persons charged with the duty to refrain from providing liquor.

Here, defendant school district similarly argues

that because it was not a licensee prohibited from supplying liquor to intoxicated persons under MCL 436.22(3); MSA 18.993(3), plaintiffs cannot maintain an action against it under the dramshop act. We disagree because, unlike *Guitar,* plaintiffs' theory is based on vicarious liability. Vicarious liability describes the existence of a relationship, not a cause of action. Because of this relationship, the principal is held responsible for the torts of its agent which are committed in the scope of the agency. *Cronk v Chevrolet Local 659,* 32 Mich App 394; 401; 189 NW2d 16 (1971), lv den 385 Mich 784 (1971). Nothing in the dramshop act appears to prevent the application of vicarious liability.

The existence of an agency relationship is a question of fact. *Michigan Nat'l Bank of Detroit v Kellam,* 107 Mich App 669, 678; 309 NW2d 700 (1981), lv den 413 Mich 870 (1982). Therefore, we reverse the summary judgment based on GCR 1963, 117.2(1), and remand for further proceedings.

We, however, agree with defendant school district that Count iv of plaintiffs' complaint does not state a cause of action against it. It is clear that in this count plaintiffs are attempting to proceed on a common-law theory as an alternative to the dramshop act. No common-law action exists for negligently selling alcohol to a visibly intoxicated person. A dramshop action is the exclusive remedy in such a matter. *Browder v Int'l Fidelity Ins Co,* 413 Mich 603, 613; 321 NW2d 668 (1982).

Plaintiffs argue that this Court recognized a common-law action for gross negligence or wilful, wanton, or intentional misconduct in *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977). In *Grasser,* the complaint alleged that a licensed liquor establishment sold alcohol to a known compulsive alcoholic contrary to a promise made by the tavern owner to refrain from serving that person. In the present case, plaintiffs did not al-

lege facts which would indicate that Steffy was an alcoholic similar to the decedent in *Grasser,* nor that those involved in the fundraiser were on notice or had agreed not to serve Steffy at the "Las Vegas Night." Consequently, the *Grasser* exception does not apply in this case. See *Barrett v Campbell,* 131 Mich App 552, 558; 345 NW2d 614 (1983), lv den 419 Mich 877 (1984).

Plaintiffs also argue that Hamady's violation of MCL 436.29; MSA 18.1000 constituted negligence per se, giving rise to a negligence cause of action apart from the dramshop act. In Michigan, however, MCL 436.22; MSA 18.993 is the exclusive remedy against licensees for the unlawful sale of intoxicants. *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971); *Lucido v Apollo Lanes & Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983), lv den 417 Mich 1087 (1983).[2]

The circuit court's order granting summary judgment in defendant school district's favor on Count iv of plaintiffs' complaint is affirmed. The circuit court's order granting summary judgment on Counts i and ii is reversed and this case is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part.

Shepherd, P.J. *(concurring).* The opinion of the trial court was issued prior to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). On remand, I would urge the parties and the court to address the question of whether *Ross* applies to the facts of this case.

V. J. Brennan, J. *(dissenting).* I respectfully must dissent here. My colleagues have adopted a

_____

[2] We note that in *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), the Supreme Court held that a civil cause of action, apart from the dramshoop act, exists for injuries or death caused by the furnishing of alcoholic beverages to a minor by a social host. The Court indicated, however, that MCL 436.22; MSA 18.993 would continue to be the exclusive remedy against licensees.

unique theory of liability under the dramshop act. Not that the act isn't harsh enough on various business places, but by the majority's theory, anyone who benefits from a licensee's profits is vicariously liable under the principal-agency rule.

The Michigan Liquor Control Commission, under special provisions, MCL 436.2-o; MSA 18.972(15); MCL 436.19(q); MSA 18.990(q), issues hundreds of one-day licenses yearly for the same purpose as the one here. I can think of no church group or school district that does not, from time to time, support by way of a party, a golf outing or something similar, a charity of their choice. Those charities range in scope from the blind, children's hospitals, the poor, athletic programs, etc., to other worthwhile causes which couldn't exist without these events.

In many instances, there is more than one recipient of the charitable proceeds. Under the majority's theory, they would all be vicariously liable.

Clearly, this extension of liability was not the intent of the Legislature. This statute has harsh sanctions. Therefore, it must be strictly construed. Nothing in the act provides for this extension, especially a broad and all-encompassing "vicarious liability" inclusion.

Here, as in *Guitar v Bieniek,* 402 Mich 152, 165; 262 NW2d 9 (1978), the school district is not liable under the act because it was not within the class of persons charged with the duty of not serving intoxicated persons.

The majority says that "[n]othing in the dramshop act appears to prevent the application of vicarious liability." However, in an act imposing harsh remedies, the terms therein must be clear and strictly construed. Thus, the terms must specifically include that class. The Legislature didn't so we shouldn't.

I would affirm the trial court's ruling.