McLEAN v WOLVERINE MOVING & STORAGE CO

Docket Nos. 109447, 111578. Submitted May 15, 1990, at Detroit. Decided October 4, 1990; approved for publication February 13, 1991, at 9:05 A.M.

Richard McLean, a resident of Michigan, brought an action in the Wayne Circuit Court against Wolverine Moving & Storage Company, Jack Sturm, and John Sturm, seeking damages for injuries sustained in an automobile accident in Indiana while riding as a passenger in an automobile driven by Jack Sturm, also a Michigan resident, and owned and insured in Michigan by John Sturm. At the time of the accident, the plaintiff and Jack Sturm were traveling to a truck-driving school which Sturm was required to attend to maintain certification as a truck driver. The court, John A. Murphy, J., entered a judgment and an award of damages following a jury verdict against Jack Sturm, and a judgment in favor of Wolverine, finding that there was no agency relationship between Wolverine and Jack Sturm at the time of the accident. The court subsequently denied the plaintiff's motion for judgment notwithstanding the verdict in favor of Wolverine. The plaintiff and Jack Sturm each appealed.

The Court of Appeals consolidated the appeals and *held:*

1. The trial court did not err in allowing the jury to award damages for economic loss in excess of those recoverable under the no-fault act. Section 3135(2) of the act abolished tort liability arising from the ownership, maintenance, or use within Michigan of a motor vehicle. By its plain terms, § 3135(2) did not abolish tort liability for economic loss arising from out-of-state accidents.

2. The trial court erred when it failed to submit to the jury the question whether the plaintiff's injuries met the threshold requirement of § 3135(1) for tort liability for noneconomic loss. Section 3135(1) limits tort liability to noneconomic loss where the injured person has suffered death, serious impairment of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 349, 352.

See the Index to Annotations under Foreign States; No-Fault Insurance.

body function, or permanent serious disfigurement and applies to all claims of noneconomic loss arising from the ownership, maintenance, or use of a motor vehicle within or outside Michigan. However, the trial court's error was harmless in light of overwhelming evidence which indicated that the plaintiff sustained a serious impairment of body function.

3. The trial court did not err in denying Jack Sturm's motion to amend his answer to allege joint enterprise as an affirmative defense. The proposed amendment would have been futile because the joint enterprise theory does not operate to impute the negligence of a driver of an automobile to a passenger to bar the passenger from suing the driver.

4. The trial court did not err in denying the plaintiff's motion for judgment notwithstanding the verdict in favor of Wolverine. Competent evidence supported the jury's finding that Jack Sturm was not acting as the agent of Wolverine at the time of the accident. Wolverine therefore could not be held liable under agency principles.

Affirmed.

1. INSURANCE — NO-FAULT — TORT LIABILITY — ECONOMIC LOSS — OUT-OF-STATE ACCIDENTS.

Tort liability for economic loss arising out of accidents occurring outside Michigan was not abolished under the no-fault act (MCL 500.3135[2]; MSA 24.13135[2]).

2. INSURANCE — NO-FAULT — TORT LIABILITY — NONECOMONIC LOSS — OUT-OF-STATE ACCIDENTS.

Tort liability for noneconomic loss arising out of accidents occurring outside Michigan is limited to instances where the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement (MCL 500.3135[1]; MSA 24.13135[1]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for Richard McLean.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Wolverine Moving & Storage Company.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Philip R. Reed*), and *MacArthur, Cheatham & Acker, P.C.* (by *James G. Gross*) of Counsel, for Jack Sturm.

Before: MICHAEL J. KELLY, P.J., and HOLBROOK, JR., and SHEPHERD, JJ.

PER CURIAM. Defendant Jack Sturm appeals as of right from the verdict of the jury finding him liable to plaintiff for injuries sustained as a result of an automobile accident that occurred in Indiana. (Docket No. 111578). Sturm was the driver of the car and plaintiff was a passenger. Both are Michigan residents. Plaintiff appeals from the trial court's order denying his motion for judgment notwithstanding the verdict in favor of defendant Wolverine (Docket No. 109447).

Sturm argues that the trial court erred when it failed to limit the award of damages to those recoverable under the no-fault act. The trial court found that the no-fault act's abolition of tort liability was not applicable to this case because the accident did not occur in the State of Michigan. In pertinent part the no-fault act provides:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor .vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.
>
> (2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished except as to:
>
> (a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer such harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including

himself or herself, or for the purpose of averting damage to tangible property.

(b) Damages for noneconomic loss as provided and limited in subsection (1).

(c) Damages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly, and 3-year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his or her liability by the amount of taxes that would have been payable on account of income the injured person would have received if he or she had not been injured. [MCL 500.3135; MSA 24.13135.]

Defendant first asserts that the trial court erred when it allowed the jury to award damages for economic loss in excess of those recoverable under the no-fault act. We disagree. Where the Legislature has used certain and unambiguous language in a statute, its plain meaning must be followed. *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 611; 321 NW2d 668 (1982). Section 3135(2) governs the abolition of tort liability. It expressly states that tort liability is abolished where liability arises from ownership, maintenance, or use *within this state* of a motor vehicle. Liability in this case arises out of the use of a motor vehicle in the State of Indiana. Thus, by its plain terms the statute does not operate to abolish tort liability for economic loss arising from an out-of-state accident. See *Workman v DAIIE*, 404 Mich 477, 510-511, n 15; 274 NW2d 373 (1979).

More troubling to us is defendant's claim that the no-fault act's threshold requirement for tort recovery for noneconomic damages is applicable to this case. Were we to read this statute literally, we would find that § 3135(1), which retains tort liability for noneconomic damages only in certain cases,

would not apply to a person whose tort liability was never abolished under § 3135(2). In other words, if liability arises from an out-of-state accident, Michigan law does not operate to abolish tort liability, and therefore it does not operate to preserve tort liability only in certain limited circumstances. However, while we are bound by principles of statutory construction, we are also bound to follow the precedents of our Supreme Court.

In *Auto Club Ins Ass'n v Hill,* 431 Mich 449; 430 NW2d 636 (1988), our Supreme Court held that the limitations for tort recovery for noneconomic damages contained in § 3135(1) were applicable to an uninsured motorist whose tort liability was not abolished under the general provisions of § 3135(2). The Court in *Hill* held that § 3135(1) clearly specified to whom its terms applied and, because no limitation was made in § 3135(1) on the basis of whether the person was insured, it must be assumed that no such limitation exists. Similarly, if we read § 3135(1) as being completely separate from § 3135(2), as the Court in *Hill* did, it applies to all suits for noneconomic damages arising from the ownership, maintenance, or use of a motor vehicle. Section 3135(1) contains no limitation that the injury must arise out of the use of the motor vehicle within this state. Thus, pursuant to the Supreme Court's holding in *Hill,* plaintiff's right to recover noneconomic damages for tort injuries is limited by the threshold requirement of § 3135(1).

Additionally, application of § 3135(1) to plaintiff's claim is not unreasonable. Both plaintiff and defendant Sturm are Michigan residents, and the vehicle was insured under the no-fault laws of this state. *Olmstead v Anderson,* 428 Mich 1, 28; 400 NW2d 292 (1987). We conclude that the trial court erred when it failed to submit to the jury the question whether plaintiff's injuries met the

threshold requirement of the statute for tort liability for noneconomic loss.

Nevertheless, we conclude that the error was harmless. The only issue would have been whether plaintiff suffered a serious impairment of body function under § 3135(1). Once that determination is made, a plaintiff is entitled to all noneconomic damages, not merely those attributable to that portion of the injury which is a serious impairment of body function. We find from the record that no reasonable jury could have found against plaintiff on that issue.

We agree with plaintiff's analysis of the facts:

The two injuries for which plaintiff sought compensation were to his back and his wrist. Plaintiff had wrist fusion surgery which has left him unable to bend his wrist in any direction or rotate it. His treating physician stated quite unequivocally that it was related to the accident. Defendants offered no contrary medical evidence. The complete loss of the ability to move one's wrist must be considered the impairment of an important body function.

Similarly, the plaintiff had fusion surgery at three levels in his lumbar spine. This caused him to lose the flexibility in his lower spine and he will never be able to lift more than twenty pounds. This qualifies, without question, as a serious impairment. No reasonable juror could find otherwise.

With regard to plaintiff's back, the issue was not impairment, but rather causation. The question at trial was whether the subject accident caused his back condition, or did prior and subsequent incidents cause it. The causation issue was submitted to the jury which found for plaintiff on liability. Therefore, because reasonable minds could not differ that the injuries complained of met the no-fault threshold, any error in not submitting the issue to a jury must be considered harmless.

Defendant Sturm next asserts that the trial court erred when it refused to allow him to amend his answer to assert the existence of a joint enterprise as an affirmative defense. Under this theory, the negligence of one person is imputed to another to charge the latter with liability to a third person injured by reason of the negligence of the former. *Troutman v Ollis*, 164 Mich App 727, 733; 417 NW2d 589 (1987). The theory rests on the assumption that the person sought to be held responsible was engaged in a joint venture with the one who was actually negligent. *Id.* In *Bostrom v Jennings*, 326 Mich 146, 152; 40 NW2d 97 (1949), the Michigan Supreme Court held that the theory of joint enterprise does not operate to impute the negligence of the driver of an automobile to his passenger-plaintiff to bar the plaintiff from suing the driver. Thus, the theory of joint enterprise has been limited to third parties injured as a result of the negligent activity of the joint enterprise. See also *DeGrove v Sanborn*, 70 Mich App 568, 573; 246 NW2d 157 (1976).

We find the authority relied on by defendant Sturm to be inapplicable to this case. In *Boyd v McKeever*, 384 Mich 501; 185 NW2d 344 (1971), the Supreme Court found that the plaintiff was not involved in a joint enterprise at the time of the automobile accident which gave rise to her injuries. The Court in *Boyd* was confronted with a plaintiff who sought to avoid the bar of the guest passenger statute, claiming that she was involved in a joint enterprise with the driver of the car and therefore could recover against the driver for negligence. The Court's holding that there was no joint enterprise and therefore plaintiff's suit was barred by the guest passenger statute is not relevant to this case. We therefore find no error in the trial court's denial of defendant Sturm's motion to

amend his answer because amendment would be futile. *Burgess v Holloway Construction,* 123 Mich App 505; 332 NW2d 584 (1983).

Plaintiff appeals from the trial court's denial of his motion for judgment notwithstanding the verdict with respect to the jury's finding that Jack Sturm was not an agent of Wolverine. Plaintiff further argues that the jury's finding of no agency relationship is against the great weight of the evidence presented at trial. When deciding a motion for judgment notwithstanding the verdict, the trial court must view the evidence in a light most favorable to the nonmoving party and determine if the facts presented preclude judgment for the nonmoving party as a matter of law. *May v Beaumont Hosp,* 180 Mich App 728, 749; 448 NW2d 497 (1989). If the evidence is such that reasonable minds could differ, a judgment notwithstanding the verdict is improper. *Id.* Additionally, a trial court's finding that the verdict is not against the great weight of the evidence presented at trial will not be reversed absent an abuse of discretion. *Jernigan v General Motors Corp,* 180 Mich App 575, 585; 447 NW2d 822 (1989). Where there is competent evidence to support the jury's finding, the verdict should not be set aside. *Bell v Merritt,* 118 Mich App 414, 422; 325 NW2d 443 (1982).

Generally, a principal is held liable for the torts of its agent in the scope of the agency. *Kerry v Turnage,* 154 Mich App 275, 281; 397 NW2d 543 (1986). The existence of an agency relationship is a question of fact. *Id.* It is our opinion that competent evidence to support the jury's verdict was presented and therefore the trial court properly denied plaintiff's motion for a new trial or judgment notwithstanding the verdict. Evidence was presented that Sturm was an independent contractor of Wolverine who owned his own power unit,

ran his own business, and subcontracted work to other workers. Sturm worked pursuant to a contract with Wolverine. On the particular job which Sturm and the other truckers were working, the truckers transported cars to various cities for car shows. After dropping the cars off, the truckers were required to keep their trucks in that city. The truckers did not work during the show and were free to leave the city if they chose. As part of a licensing certification, the truckers were required to attend driving school once every several years.

At the time of the accident, Sturm was driving from Minnesota to Michigan to attend a driving school after Wolverine informed him that his three-year period had almost expired. Evidence was introduced that Wolverine did not require Sturm to go to the particular session of the driving school. Evidence was also presented that the drivers incurred all of the expenses of the driving school. While conflicting evidence was presented, viewing the evidence in a light most favorable to Wolverine, we conclude that the jury's verdict was not against the great weight of the evidence presented at trial.

Because of our affirmance of the jury's verdict finding no agency between Wolverine and Sturm, it is unnecessary for us to address plaintiff's other claims of error.

The jury verdict against Sturm is affirmed (Docket No. 111578). The verdict in favor of Wolverine is affirmed (Docket No. 109447).