**Charlotte MARKS, Personal Representative of the Estate of Charles Edwin Marks, Sr., and Charlotte Marks, Plaintiffs,**

v.

**WEST SIDE UNLIMITED CORP. and Gene V. Douglas, Defendants.**

and

**Gene V. Douglas, Counter–Plaintiff,**

v.

**The Estate of Charles Edwin Marks, Sr., Counter–Defendant.**

No. Civ.A. 97–40384.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 13, 1999.

Howard R. Grossman, Flint, MI, L. Graham Ward, Ward, Anderson, Bloomfield Hills, MI, for Charles Edward Marks, Charlotte Marks, plaintiffs.

Jonathan M. Jaffa, Sullivan, Ward, Southfield, MI, for West Side Unlimited Corporation, Gene V. Douglas, defendants.

## *ORDER GRANTING MOTION OF DEFENDANTS WEST SIDE UNLIMITED CORP. AND GENE V. DOUGLAS TO ESTABLISH APPLICABLE LAW*

GADOLA, District Judge.

Before the court is a motion by defendants, West Side Unlimited Corp. and Gene V. Douglas, to establish applicable law. This motion was originally filed on May 18, 1998. On July 21, 1998, this court entered an order denying the motion without prejudice, preferring to decide which substantive law would apply in this action in the context of a motion seeking some more definitive form of relief, e.g. a motion for summary judgment. As of April 12, 1999, however, the time set for the final pre-trial conference in this matter, no such motion had been filed. Accordingly, this court informed that parties at the final pretrial conference that it would consider the merits of defendants' motion in advance of trial. This court has reviewed the relevant pleadings filed in this matter, as well as all appropriate authority, and the court is now prepared to rule on defendants' motion. For the reasons set forth below, this court will grant defendants' motion to establish applicable law, hold that Michigan law governs this dispute, and hold that the threshold requirement of the Michigan No Fault Act, as provided at Mich.Comp.Laws § 500.3135(1), which requires that plaintiff must establish death, serious impairment of bodily function or permanent serious disfigurement, does apply to this case.

### Factual Background

The instant action arises out of an automobile accident that occurred in the state of Arizona on March 28, 1997. Plaintiff, Charlotte Marks, alleges that she and her late husband, Charles Marks, were at-

tempting to pass a truck driven by defendant, Gene Douglas, when Douglas swerved into their lane without warning. Plaintiff alleges that the Marks' automobile was forced off of the highway, at which point the automobile overturned. Plaintiff alleges that both she and her husband suffered various serious injuries as a result of the accident. Plaintiff suffered a heart attack subsequent to the accident, and her husband, as a result of various medical complications, died on October 1, 1997. Plaintiff contends that these injuries were proximately caused by the negligence of Mr. Douglas.

Accordingly, plaintiff filed suit in Genesee County Circuit Court on behalf of herself and the estate of her husband. Plaintiff's complaint asserts claims against Douglas and West Side Unlimited Corp., the owner of the trailer operated by Douglas. On September 19, 1997, defendants removed the action to this court on the basis of this court's diversity jurisdiction. It is undisputed that plaintiff and her husband were residents of the State of Michigan at all times relevant to the instant dispute. Defendant, Gene V. Douglas, is a resident of Ohio. Defendant, West Side Unlimited Corp., is incorporated under the laws of the state of Iowa and has its principal place of business in Iowa.

The parties are currently before the court seeking to establish: (1) whether the substantive law of Michigan or Arizona will apply to this dispute; and (2) if Michigan law applies, whether the threshold requirements of Mich.Comp.Laws § 500.3135(1) apply on the facts of this case.

**Discussion**

1. **Whether the law of Arizona or Michigan will apply to this dispute**

Plaintiff contends that Arizona law should govern this dispute, while defen-

dants contend that Michigan law applies.[1] There are two principal differences between Michigan law and Arizona law that are relevant in this case. First, Arizona law provides for recovery of punitive damages under certain circumstances in cases involving personal injury. Punitive damages for tortious conduct are not cognizable under Michigan law. Second, the Michigan No Fault Insurance Act imposes a threshold burden upon plaintiffs to establish death, serious impairment of bodily function or permanent serious disfigurement to recover noneconomic damages incurred as a result of injuries sustained in an automobile accident.[2] Arizona law has no such threshold requirement.

■ The parties agree that, in this diversity case, this court must apply the choice of law rules of the state in which it sits, that is Michigan. *See Mahne v. Ford Motor Co.,* 900 F.2d 83, 85 (6th Cir.1990) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Moreover, the parties also agree that the choice of law rules of the state of Michigan are provided in the cases of *Olmstead v. Anderson,* 428 Mich. 1, 400 N.W.2d 292 (1987), and *Sutherland v. Kennington Truck Serv., Ltd.,* 454 Mich. 274, 562 N.W.2d 466 (1997). As the Michigan Supreme Court noted in *Sutherland,* Michigan courts:

> will apply Michigan law unless a "rational reason" to do otherwise exists. In determining whether a rational reason to displace Michigan law exists, [courts] undertake a two-step analysis. First, [courts] must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then

---

**1.** Neither party contends that any other state's law should govern this dispute.

**2.** This court notes that, as discussed *infra,* plaintiff argues that even if Michigan law applies to this action, the threshold requirement

of Mich.Comp.Laws § 500.3135(1) does not apply on the facts of this case. For the purposes of discussing Michigan's choice of law rules, however, this court will assume that the requirement would apply.

determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Sutherland,* 454 Mich. at 286, 562 N.W.2d 466 (citing *Olmstead,* 428 Mich. at 24, 29–30, 400 N.W.2d 292).

### a. Does Arizona have an interest in having its law applied in this action?

■ Defendants contend that Arizona does not have any interest in having its law applied in this case because all of the parties to this action are non-residents. Defendants argue that the fact that this accident occurred in Arizona is merely fortuitous, and not a basis for applying Arizona law. Defendant cites *Olmstead,* in which the court declined to apply the law of the state of Wisconsin, the situs of the injury in that case. The court specifically noted:

> [t]he operative fact is that neither party is a citizen of the state in which the wrong occurred. Since neither party in this case is a citizen of Wisconsin, that state has no interest in seeing its limitation of damage provision applied.

*Olmstead,* 428 Mich. at 28, 400 N.W.2d 292. Defendant's contention that Arizona does not have an interest in this litigation also has support in Arizona law. In *Bryant v. Silverman,* 146 Ariz. 41, 45, 703 P.2d 1190 (1985), the Arizona Supreme Court noted that, "[a]lthough Colorado is the state of injury, the state where the injury occurs does not have a strong interest in compensation if the injured plaintiff is a non-resident." Accordingly, defendant argues that, because none of the parties in this case are residents of Arizona, that state does not have an interest in having its law applied in this case.

Plaintiff responds that one of the conflicts between Michigan law and Arizona law in this case relates to punitive damages, and that those damages are not directed towards *compensation* of plaintiff, but rather *punishment* of the defendant and *deterrence* of future wrongful conduct. Plaintiff cites *State Farm Mut. Ins. Co. v. Wilson,* 162 Ariz. 251, 782 P.2d 727 (1989), in which the Arizona Supreme Court noted:

> Tort law has adopted the idea of punishment that underlies criminal law in its imposition of punitive damages for a defendant's wrongdoing. Thus, courts permit such awards to punish the defendant and to deter others from following the defendant's example.... To the plaintiff, punitive damages are therefore a *non-compensatory* award based on public policy concerns irrelevant to compensation. In appropriate cases, assessment of punitive damages to be paid by the tortfeasor fulfills the social policy of deterrence that underlies such awards.

*Id.* at 255, 782 P.2d 727 (emphasis added) (citations omitted). Accordingly, plaintiff argues that the fact that Arizona may not have an interest in compensating plaintiff does not necessarily indicate that Arizona does not have an interest in having its law applied. Indeed, as the plaintiff points out, the *Olmstead* court specifically limited its holding by indicating that it did not mean to indicate that:

> the state in which the injury takes place will never have an interest in litigation arising out of the injury if none of its citizens are involved. The injury state always has an interest in *conduct* within its borders, whether or not its citizens are involved.

*Olmstead,* 428 Mich. at 28, 400 N.W.2d 292 (emphasis added). Here, plaintiff contends that any award of punitive damages would be designed to deter similar conduct (that is, the allegedly grossly negligent operation of an automobile on an Arizona highway) in the future. Plaintiff argues that Arizona has an interest in preventing such conduct within its borders.

Upon review, this court accepts plaintiff's argument on this point. A number of courts have noted that the state in which misconduct has occurred has an interest in deterrence of future misconduct. *See, e.g., Lewis–DeBoer v. Mooney Aircraft Corp.,* 728 F.Supp. 642, 645–46 (D.Colo.1990); *In re Air Crash Disaster at Stapleton Int'l*

*Airport,* 720 F.Supp. 1445, 1453 (D.Colo. 1988); *Bryant,* 146 Ariz. at 45, 703 P.2d 1190. Here, the alleged misconduct which potentially gives rise to an award of punitive damages occurred within Arizona. Because Arizona was the place of this alleged misconduct, this court finds that Arizona does, in fact, have an interest in having its law applied in this case.

This court must next address the question of whether this court should apply Michigan law in this case despite Arizona's interests in this litigation.

### b. Do Michigan's interests mandate that Michigan law be applied, despite the foreign interests?

Plaintiff contends that Michigan's interests in this action are not sufficiently significant to warrant application of Michigan law. Plaintiff argues primarily that the interests protected by the threshold requirements provided in Section 3135(1) of the Michigan no fault insurance law[3] are not implicated in this case. Specifically, plaintiff argues that a limitation on compensatory damages is not appropriate in this case because the plaintiff is a Michigan resident, compensation of whom is a significant interest of the state of Michigan, and the defendants are non-residents who have not participated in the no fault insurance scheme adopted by the state of Michigan. Accordingly, plaintiff contends that Michigan's interests in applying the no fault damages limitation do not mandate that Michigan law be applied at the expense of Arizona's interests in deterring misconduct within its borders by the imposition of punitive damages.

 Upon review, this court rejects plaintiff's claim for two reasons. First, as the Michigan Supreme Court has noted, one of the significant purposes of the non-economic damages limitation of the no-fault law is to relieve courts of the burden

of litigation where the injuries sustained are not serious. *See Byer v. Smith,* 419 Mich. 541, 545, 357 N.W.2d 644 (1984). This interest of the Michigan courts is implicated in any case brought under the no fault law. Second, as Arizona courts have themselves held, even assuming that the state of alleged misconduct has an interest in deterring future misconduct, the state(s) with the most dominant interests are the state(s) in which the parties reside. As the court noted in *Farias v. Mattel, Inc.,* 153 Ariz. 113, 735 P.2d 143 (Ariz.App.1986):

> Our courts have held ... that the dominant interest is in the state that is the residence of the parties rather than in the state that is the location of the negligent conduct and the injury.... *Both in terms of compensation of an injured party and controlling tortious behavior, the state of residence of the parties has the most significant interest.*

*Id.* at 115, 735 P.2d 143 (emphasis added); *see also Bryant,* 146 Ariz. at 45, 703 P.2d 1190 (noting that "[c]ompensation of an injured plaintiff is primarily a concern of the state in which plaintiff is domiciled") (citing *Branyan v. Alpena Flying Serv.,* 65 Mich.App. 1, 10, 236 N.W.2d 739 (1975)). Accordingly, in cases where the parties are residents of a state or states other than the state in which the injury occurred, even Arizona courts find that the interests of the state of injury are ordinarily subservient to the interests of the state(s) in which the parties reside.

Therefore, given that Michigan has an interest in relieving its courts of the burden of litigation in cases of non-serious injury, and given that Arizona courts recognize that a state's interest in controlling tortious conduct within its borders ordinarily gives way to the interests of the state(s) in which the parties to the action reside, this court finds that the competing

---

**3.** Section 3135(1) provides:

A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

Mich.Comp.Laws § 500.3135(1).

interests in this case mandate that Michigan law be applied to this dispute.

### 2. Whether the threshold requirements of Mich.Comp.Laws § 500.3135(1) apply on the facts of this case

Plaintiff contends that, even if Michigan law applies to this dispute, the threshold requirements of Mich.Comp. Laws § 500.3135(1) do not apply on the facts of this case because the accident occurred outside the state of Michigan.

Section 500.3135 provides, in relevant part:

(1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. . . .

(3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle . . . is abolished except as to: . . .

(b) Damages for noneconomic loss as provided and limited in subsections (1) and (2).

Plaintiff argues that § 3135(3) acts to abolish tort liability except for certain discrete categories, including, as provided in § 3135(3)(b), damages for noneconomic loss provided in § 3135(1). Plaintiff contends that by its own clear terms, § 3135(3) only acts to abolish tort liability arising from ownership, maintenance or use *within the state of Michigan.* Plaintiff further contends that § 3135(1) only applies to tort liability that "remains" after consideration of the provisions of § 3135(3). Given that § 3135(3) only applies to ownership or use within the state of Michigan, plaintiff argues that the only type of tort liability that could "remain" after consideration of § 3135(3)(b) and § 3135(1) is liability arising from ownership or use within the state of Michigan. Accordingly, because the accident in this case occurred outside the state of Michigan, plaintiff argues that the threshold requirements of § 3135(1) do not apply on the facts of this case.

While this court acknowledges that plaintiff's argument does have some force viewed in light of the principles of statutory construction, the argument was explicitly rejected by the Michigan Court of Appeals in *McLean v. Wolverine Moving & Storage Co.,* 187 Mich.App. 393, 468 N.W.2d 230 (1990), *lv. for appeal denied,* 437 Mich. 1028, 478 N.W.2d 102 (1991), a case involving an auto accident that occurred outside the state of Michigan. The relevant portion of the *McLean* court's holding is as follows:

Were we to read this statute literally, we would find that § 3135(1), which retains tort liability for noneconomic damages only in certain cases, would not apply to a person whose tort liability was never abolished under [§ 3135(3) ]. In other words, if liability arises from an out-of-state accident, Michigan law does not operate to abolish tort liability, and therefore it does not operate to preserve tort liability only in certain limited circumstances. However, while we are bound by principles of statutory construction, we are also bound to follow the precedents of our Supreme Court. In *Auto Club Ins. Ass'n v. Hill,* 431 Mich. 449, 430 N.W.2d 636 (1988), our Supreme Court held that the limitations for tort recovery for noneconomic damages contained in § 3135(1) were applicable to an uninsured motorist whose tort liability was not abolished under the general provisions of [§ 3135(3) ]. The Court in *Hill* held that § 3135(1) clearly specified to whom its terms applied and, because no limitation was made in § 3135(1) on the basis of whether the person was insured, it must be assumed that no such limitation exists. Similarly, if we read § 3135(1) as being completely separate from [§ 3135(3) ], as the Court in *Hill* did, it applies to all suits for noneconomic damages arising from the ownership, maintenance, or use of a motor vehicle. Section 3135(1) contains no limitation that the injury must arise out

of the use of the motor vehicle within this state. Thus, pursuant to the Supreme Court's holding in *Hill,* plaintiff's right to recover noneconomic damages for tort injuries [arising from an out-of-state accident] is limited by the threshold requirement of § 3135(1).

*Id.* at 396–97, 468 N.W.2d 230. Accordingly, the *McLean* court held explicitly that the right to recover noneconomic damages arising from an out-of-state auto accident is limited by the threshold requirement of § 3135(1).

Plaintiff makes essentially two related arguments in support of her claims that *McLean* is not controlling law in this case. First, plaintiff argues that the parties in *McLean* were all Michigan residents, leading the *McLean* court to conclude that "application of § 3135(1) to plaintiff's claim [was] not unreasonable." *Id.* at 397, 468 N.W.2d 230. Plaintiff contends that the fact that defendants in this case are not Michigan residents renders unreasonable any application of § 3135(1) to plaintiff's claim in this case, and makes this case materially distinguishable from *McLean.* This court finds, however, that the holding in *McLean* did not depend on the fact that all parties were Michigan residents. The court merely cited that fact as an additional ground for believing that the legal conclusion it reached was reasonable given the facts of that case. The court's actual holding was the more general claim that, under Michigan law, a plaintiff's right to recover noneconomic damages for tort injuries is limited by the threshold requirement of § 3135(1), regardless of whether the accident occurred in Michigan or in some other state. That holding, based on the Michigan Supreme Court's opinion in *Hill,* ultimately did not depend on the citizenship of the parties.

Second, plaintiff argues simply that *McLean* was wrongly decided. Plaintiff contends that, in this diversity case, this court must apply the law of the state of Michigan as it would be interpreted by the state's highest court. Plaintiff asserts that, if faced with the facts of this case, the Michigan Supreme Court would overrule *McLean,* or at least limit its application to cases in which all parties are Michigan residents. This court finds no basis for such a conclusion. The *McLean* court relied on an interpretation of the no-fault statute by the Michigan Supreme Court in *Hill* which requires courts to read § 3135(1) as being "completely separate" from § 3135(3). Under those circumstances, given the absence of any requirement in § 3135(1) itself that it be applied solely to in-state accidents, the *McLean* court found that the limitation provided in § 3135(1) applies to damages arising from out-of-state accidents. Neither the Michigan Supreme Court nor any panel of the Michigan Court of Appeals has issued a decision which calls into question the relevant portions of the *Hill* and *McLean* opinions. Accordingly, this court finds that there is no basis to conclude that the Michigan Supreme Court would reach a different conclusion in this case than the conclusion reached by the *McLean* court.

Therefore, in this case, this court finds that plaintiff's right to recover noneconomic damages for tort injuries arising from the accident in Arizona is limited by the threshold requirement of § 3135(1).

## Conclusion

For the reasons set forth above, this court having reviewed the submissions of the parties and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the motion filed by defendants, West Side Unlimited Corp. and Gene V. Douglas, to establish applicable law is **GRANTED.**

**IT IS FURTHER ORDERED** that Michigan law shall govern this dispute, that punitive damages are unavailable to plaintiff, and that plaintiff's right to recover noneconomic damages for tort injuries is limited by the threshold requirement of Mich.Comp.Laws 500.3135(1).

**SO ORDERED.**